### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI.

#### MAY TERM, 1875, AT ST. JOSEPH.

---

IN THE MATTER OF HENRY ALEXANDER, ON PETITION FOR
HABEAS CORPUS.

1. *Practice, criminal—Bail—Admittance to, when proper after mis-trials—Power
of Supreme Court as to.*—Where two successive juries have failed to agree
in their verdict on an indictment, that fact is a circumstance strongly going to
show that, as to the prisoner's guilt, the proof was not "evident," nor the
"presumption great," (State Const—Bill of Rights,) and when coupled with
other circumstances going to show that the accused will meet the coming
trial,—such as that he had voluntarily surrendered himself to the ̇ officers,
and had refused to avail himself of opportunities to escape from prison—will
authorize his admittance to bail. And on petition for *habeas corpus* pre-
sented ̇ to the Supreme Court, that tribunal has authority to issue such order.

*Appeal from Andrew Circuit Court.*

*Dawson, Hale and others,* for Petitioner.

I. This court has jurisdiction. (State Const., Art. VI. § 3—
Wagn. Stat., 53; *Id.*, 685, § 2; 690, § 38; 9 Mo., 682; 12
Mo., 475; 36 Mo., 201; 8 Barb., 158.)

II. The provisions of the statute regulating practice in criminal cases, and which specify the court and officers who may take bail, do not apply to this case. This is a proceeding under the statute concerning *habeas corpus*, and is governed by that statute.

III. The fact that two juries have failed to convict, shows that the proof is not evident, nor the presumption great. (5 Cow., 53; 1 Bish. Crim. Pr., 708; Abb. Pr., 27; 19 Cal., 539; 1 U. S. Dig., 100, § 7; 28 U. S. Dig., 71, § 2; 22 U. S. Dig., 84; 8 Barb., 184.)

IV. The fact of bad health of defendant should admit him to bail. (3 Wash. C. C., 224; 1 Bish. Crim. Pr., 705.)

V. It is plainly not necessary to keep defendant in jail, in order to secure his presence at this trial. When he committed the homicide he at once surrendered himself to the authorities.

*J. P. Altgeld—Pros. Att'y—for Andrew Co.,* for Respondent.

While this court has power to issue writs of *habeas corpus*, it has no power to admit to bail in any case. As to what courts are authorized to admit to bail, see Wagn. Stat., 1092, §§ 33, 34, 35. And a recognizance taken before any other court or officers than those there enumerated is void. (State vs. Ramsey, 23 Mo., 327; State vs. Wilson, 28 Mo., 13; 5 Kans. 563, and authorities there cited.)

The indictment is *prima facie* evidence that the proof is "evident," or the "presumption great," and the prisoner must produce evidence to remove this presumption; and he must also rebut the evidence relied on by the State. (State vs. Dew, 1 Tayl., 142; 27 Ind., 87; 30 Miss., 673; 8 Barb., 164; 30 Ind., 197; 3 *Id.,* 254.) But he is not entitled to bail on the ground that a jury, or that several juries have failed to agree. (19 Ohio, 139; 16 Eng. Law & Eq. R., 361; 1 Lead. Crim. Cas., 228, 249, note; 5 Cow., 39; 2 Ash. [Pa.] 227.)

The power of letting to bail should be exercised cautiously by the court. (R. M. Charlt., 120, 139, 244; 3 Ind, 293; 30

Ind., 197, 254; 33 Ga., 192.) It is a safe rule to refuse bail where the evidence is such that a court would sustain a verdict of guilty of murder in the first degree, if rendered by a jury. (19 Ohio, 139; 2 Ash., [Pa.] 227.)

To entitle a prisoner to bail on the grounds of ill health, it must appear that his further confinement would endanger his life. (1 Bish. Crim. Law, 705; 11 Leigh, 605; 6 Gratt., 705.)

WAGNER, Judge, delivered the opinion of the court.

This is an application on behalf of the prisoner, to admit him to bail. He is under indictment for murder in the first degree, and the record of the proceedings accompanying the return shows that he has been twice tried, and on both occasions the jury were unable to agree. It is claimed that these disagreements of the jury create such a doubt of the prisoner's guilt as entitles him to be bailed.

The bill of rights incorporated in the constitution of this State, declares "that all persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great."

The general rule is, that bail will be refused after indictment in capital cases; for the indictment furnishes a strong presumption of guilt, and it is supposed the accused will almost always attempt to leave and elude the demands of justice. Hence, in all such cases there must be facts and circumstances which counteract or overcome this presumption, before bail will ever be admissible. That a man has been indicted for murder in the first degree, and tried twice, and the jury has been unable to agree, though not conclusive, is a strong consideration towards removing the presumption existing against him.

In the case of the People vs. Perry, (8 Abb. Pr., N. S., 27) it was held that where the prisoner was indicted for murder in the first degree, and had been twice tried, and on both occasions the jury were unable to agree, it was a proper case for exercising the power to bail.

In the State vs. Simmons, (19 Ohio, 139) it was declared, that the court would not, as a matter of course, admit to bail because the jury, in a trial for murder, failed to agree upon a verdict. It was said, the fact that the testimony given on the trial did not produce full conviction of guilt in the minds of the twelve jurors, would be a strong circumstance to urge to the court, when invoked to the exercise of the discretion of admitting to bail, and the fact would come with redoubled force, if a second jury should fail to agree upon a verdict; but still the question after the mis-trials, was, who was to decide whether the proof was "evident," or the " presumption great." And the conclusion was arrived at, that it must necessarily be the same authority which prescribes the amount of the bail, and passes upon the sufficiency of the sureties.

We would not be willing to lay down as an inflexible rule, that where there had been two trials for murder, and the jury had each time disagreed, that would show that proof was not "evident" or the "presumption great." There may be circumstances connected with trials which would produce a disagreement, which would entitle the prisoner to no claims whatever. The failure, however, to agree upon a verdict twice in succession, is a strong consideration, and coupled with other facts, may turn the scale, and show that the object sought may be attained by admitting to bail.

The imprisonment of the accused before trial, forms no part of the punishment affixed to the crime. The whole object and end of imprisonment before trial is to secure the forthcoming of a person charged with the commission of a crime. Where a jury has disagreed twice upon the question of guilt, a doubt may well be raised, and where it is satisfactorily shown that the attendance of the accused to stand his trial will certainly follow, in the exercise of a sound discretion, the court may admit to bail.

When the prisoner committed the offense whereof he stands charged, instead of trying to make his escape, he immediately surrendered himself to the officers. Subsequently the jail wherein he was confined was broken open and the

other prisoners escaped, but he refused to go. His whole conduct has evinced a determination to stand his trial and meet the consequences which may finally ensue. We have, therefore, reached the conclusion, that, under all the circumstances it would be the exercise of a sound discretion to permit bail to be given in this case.

It is argued that this court has no right to admit to bail, but we think otherwise. The constitution gives the power to issue writs of *habeas corpus,* and hear and determine the same. The power to bail is a necessary incident to the right to hear and determine the cause. The statute regulating the practice in *habeas corpus* proceedings, provides that where the offense is bailable the accused should be let to bail. (Wagn. Stat., 690, § 38.) It is not perceived for what purpose the court would be vested with authority for issuing the writ and bringing up the prisoner, if the power to bail or discharge, as the case might be, did not follow.

The prisoner will be admitted to bail upon his giving bond in the sum of fifteen thousand dollars, with two or more sufficient sureties, conditioned as provided by law for bonds in criminal cases. If the bond is not given in this court, then the prisoner will be remanded, and the same may be taken before the judge of the Andrew Circuit Court, where the indictment is pending. (Wagn. Stat., 691, § 42.)

The other judges concur.