[In Bank. — September 17, 1883.]

# IN THE MATTER OF SALVATOR TROIA ON HABEAS CORPUS.

CRIMINAL LAW — HABEAS CORPUS — BAIL — MURDER. — It is only when the testimony of the material witnesses for the people, taken before a committing magistrate, is clearly shown to be false, that a prisoner should be discharged on habeas corpus with or without bail.

ID. — It is a safe rule where malicious homicide is charged, to refuse bail in all cases where a judge would sustain a capital conviction, if pronounced by a jury, on such evidence of guilt as was exhibited to him on the hearing of the application to admit to bail.

APPLICATION for writ of habeas corpus. The facts are stated in the opinion of the court.

*Holl & Buckley,* for Petitioner.

PER CURIAM. — The petitioner was committed by a magistrate to answer to a charge of murder. His application is that he be permitted to give bail.

A witness, one William Rafferty, testified at the examination before the magistrate, he saw petitioner kill his wife, under circumstances such as would constitute murder in the first degree. It is claimed that petitioner should be admitted to bail because the testimony before the magistrate, taken as a whole, shows that Rafferty swore falsely in respect to material matters, and that his testimony should be rejected.

But while there was testimony with respect to facts and circumstances which, if true, tended strongly to cast discredit upon Rafferty's statements, much of such testimony was in turn attacked and disputed. If, on habeas corpus, we are ever

authorized to determine the credibility to be accorded to the testimony of witnesses whose material statements conflict, it is only when the testimony of the material witnesses for the people is clearly shown to be false that we can be justified in discharging the prisoner, with or without bail. It was said by the court of common pleas of Philadelphia County: "It is a safe rule, where malicious homicide is charged, to refuse bail in all cases where a judge would sustain a capital conviction if pronounced by a jury on such evidence of guilt as was exhibited to him on the hearing of the application to admit to bail." (*Com. v. Keeper of Prison*, 2 Ashm. 227.)

We cannot say, upon the evidence before us, that the Superior Court ought to set aside the verdict, as not justified by the evidence, should the jury find the petitioner guilty of the higher degree of the crime charged. We ought not to anticipate the action of the jury by discharging the prisoner from actual custody, with or without bail, upon evidence which we are not prepared to say is so insufficient as that a verdict requiring a capital sentence, based upon it, should not be permitted to stand.

Petition denied and petitioner remanded.

THORNTON, J., not having heard the argument, expressed no opinion.