## EX PARTE GOANS.

1. **Bail: CONSTITUTION.** All persons have, under the constitution, the right to bail by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great.

2. ——— : ——— : PRESUMPTION OF GUILT. An indictment for a capital offense furnishes a strong presumption of guilt, and this presumption must be applied in all cases on application for bail. There must be other facts and circumstances which overcome this presumption before the prisoner can be bailed. One or even two mistrials will not furnish the accused the absolute right to give bail.

ᵬ.    ———: REMOVAL OF PRESUMPTION OF GUILT. Where there has
been one mistrial, on a capital charge, under favorable circum-
stances for the prosecution, and the conduct of the accused prior
and subsequent thereto shows to the satisfaction of the court that
he has not and has never had any thought of evading trial, and
the evidence as preserved upon the trial is conflicting as to his guilt
of the charge, he may, upon furnishing sufficient security, be
admitted to bail.

## Habeas Corpus.

PRISONER ADMITTED TO BAIL.

*D. E. Wray, Jno. A. Blevins* and *J. D. Bohling* for petitioner.

(1) "All persons charged with the commission of crime should be admitted to bail, except in capital cases, where the proof is evident or the presumption great." State Const., Bill of Rights, sec. 24. (2) The evidence produced upon the trial of the petitioner rebuts the presumption created by the finding of the indictment against petitioner, that the "proof is evident" or the "presumption great." (3) The voluntary surrender of the petitioner immediately after the killing, the finding of the coroner's jury that the killing was done in self-defense, the action of the magistrate, before whom the preliminary examination was had, in discharging the petitioner, the fact that one trial jury has heard the evidence, passed upon the issues, and failed to agree upon a verdict of guilty, the sitting of two grand juries between the time of the killing and the time of finding the indictment against petitioner, and their failure to find a true bill against petitioner, taken into consideration with petitioner's repeated opportunities to escape from custody since the finding of the indictment, show that the proof of petitioner's guilt is not evident nor the presumption thereof great. *Ex parte Alexander*, 59 Mo. 598; *Ex parte Rice*, 9 S. W. Rep. [Tex.] 615; 1 Bish Crim. Pr. 708; 19 Cal. 539. (4) The evidence

produced upon petitioner's trial is not sufficient to sustain a verdict of guilty of murder in the first degree. (5) The presumptions are decidedly in favor of petitioner's innocence, and petitioner should be admitted to bail. Church on Hab. Corp., sec. 403, p. 537; *People v. Hyler*, 2 Park Cr. Cas. 570. (6) The circumstances surrounding the killing and the uniform conduct of petitioner in refusing to take advantage of repeated opportunities to escape from custody, show that it is entirely unnecessary to keep petitioner in jail in order to secure his presence at the trial of the charge against him.

*A. L. Ross*, Prosecuting Attorney, *contra.*

(1) For the purposes of the present hearing, it is not a matter of importance to have the evidence taken at the preliminary hearing, as it would be if this application had been made before indictment and trial. The case has passed beyond that stage. Petitioner was indicted for murder in the first degree, which of itself is *prima facie* evidence that the "proof is evident and the presumption great," and that the crime is of the degree charged. Kelley's Crim. Law, p. 46, secs. 78, 79, and cases cited; *Ex parte Alexander*, 59 Mo. 598. (2) The general rule is that bail will be refused after indictment in capital cases. In *Ex parte Alexander*, *supra*, it was held that two mistrials were not conclusive, but only a consideration towards the removal of the presumption existing against the prisoner. In the case at bar there has been one hung jury which is not sufficient, but petitioner must produce evidence to satisfy the court that the proof against him is not evident, nor the presumption great. However numerous such results, they would never amount to a rebuttal of the actual facts of the case. (3) The evidence produced and relied upon by the state upon petitioner's trial is sufficient to

sustain a verdict of guilty of murder in the first degree, and shows that the theory of self-defense cannot be maintained.

BLACK, J.—Goans, the petitioner, is under indictment in the Morgan circuit court for murder in the first degree for killing Frank Wilson on August 28, 1887. The stipulation between counsel for the accused and the prosecuting attorney shows that the accused gave himself up immediately after the homicide; that the coroner's jury found that he killed Wilson in self-defense; that a preliminary examination was held on a charge of murder, preferred by the prosecuting attorney, and the accused was discharged by the justice; that two terms of the circuit court intervened before the finding of the indictment, at each of which a grand jury was duly empanelled; and that there was a mistrial in August, 1889, since which time he has been confined in the Cole county jail.

The evidence adduced on the trial, a full transcript of which is before us, shows that Goans and Wilson resided in a country district, at a distance from each other of about four hundred yards. Each had a family consisting of a wife and a number of children. There is a small enclosed field on Goans' premises, and a road running south from Wilson's house to and around the east side of the field, and thence in a westerly direction to a spring on Goans' premises, which is close to his cabin. In the forenoon of the day of the homicide, the children of the two families got into some trouble at the house of the accused, he and his wife being then at a neighbor's house. Wilson's children ran home, and in a short time Wilson went to the house of the accused flourishing a pistol and threatening to kill the children. They ran to the neighbor's house and informed the accused. He went home and discharged an old load from his shotgun and reloaded it. After noontime'

Wilson's children came to the spring for water, and the accused notified them that they could get no more water from the spring. They returned home, and the deceased, in a great rage, got a pail and a pistol and started toward Goans' house. Goans was in his yard and saw Wilson coming, and thereupon got his shotgun and went about one hundred yards towards Wilson to a point on the inside of the enclosure, and shot the latter when on the opposite side of the fence. Some statements of the accused put in evidence tend to show that he shot before Wilson made any threats or threatening demonstration. The accused states that the deceased drew his pistol, and swore he would kill him, Goans, and thereupon the latter fired the fatal shot.

Wilson is shown to have been a boisterous, desperate man, and on several occasions had threatened to kill Goans, to whom the threats had been communicated. The accused has the reputation of a quiet, law-abiding citizen. Since his confinement his conduct has been exemplary. Some of the prisoners broke jail, in which he was confined, and escaped, but he refused to avail himself of the opportunity thus afforded, and did all in his power to assist the officers, and to prevent other inmates from escaping.

Our constitution declares that "all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great." The indictment for a capital offense furnishes a strong presumption of guilt, and this presumption must be applied in all such cases on application for bail. There must be other facts and circumstances which overcome this presumption before the prisoner can be bailed. One or even two mistrials will not furnish the accused the absolute right to give bail. As said in *Alexander's case*, 59 Mo. 598 : "There may be circumstances connected with the trials which would produce a disagreement, which would entitle the prisoner to no

claims, whatever. The failure, however, to agree upon a verdict twice in succession is a strong consideration, and, coupled with other facts, may turn the scale, and show that the object sought may be attained by admitting to bail." The object of imprisonment before trial is said to be to secure the forthcoming of the person charged with the commission of a crime. In that case there had been two mistrials, and the prisoner refused to escape, though an opportunity had been afforded him so to do. The court, in substance, said that where a jury has disagreed twice, and where it satisfactorily appears that the attendance of the accused to stand his trial will follow, the court may, in the exercise of a sound discretion, admit to bail, and accordingly the prisoner was admitted to bail in that case.

In the leading case of *People v. Tinder*, 19 Cal. 549, it is said: "So bail may be taken where, upon trial, the evidence for the prosecution and defense has been produced, and there has been a disagreement among the jurors, or where, after verdict, a new trial has been granted for the insufficiency of the evidence, to warrant a conviction. Cases of this kind justify the allowance of bail in the discretion of the court, without hearing other evidence as to the guilt or innocence of the accused."

One mistrial and attending circumstances may go further to overthrow the presumption of guilt arising from the finding of the indictment than two mistrials. Here there has been one mistrial under favorable circumstances for the prosecution, and the prior and subsequent conduct of the accused shows to our satisfaction that he has not, and has never, had any thought of evading trial. The only undisputed circumstance against allowing bail is the fact disclosed in the evidence that accused went towards deceased with his gun, when he knew deceased was in a great rage. This evidence tends to show that he invited and brought on

the difficulty, rather than acted in self-defense. On the other hand, there is much evidence tending to show that deceased prepared himself and started to the spring intending to provoke a difficulty, and that the accused understood these actions and movements, and stepped away from the cabin, that the children might be out of danger, and that he did not shoot until deceased drew his revolver, and threatened to kill the accused.

Under all the circumstances of this case, we are of the opinion that the accused should be let to bail, and accordingly we fix the amount of the recognizance at the sum of ten thousand dollars. In view of the adjournment of the court before sureties can be procured, and bond given, the prisoner is remanded; but, upon his entering into a recognizance in said sum, with two or more sufficient sureties, conditioned according to law and approved by the judge of the circuit court of Morgan county, he shall be discharged. All concur.