[No. 20898.   In Chambers. — December 8, 1891.]

EX PARTE M. B. CURTIS, ALIAS STRELINGER, ON
HABEAS CORPUS.

CRIMINAL LAW — HOMICIDE — MURDER IN FIRST DEGREE — ADMISSION TO
    BAIL. — A defendant charged with murder in the first degree is not
    entitled to be admitted to bail before conviction, where the evidence is
    sufficient in law to sustain a capital conviction, or is such that it cannot
    be said that a verdict requiring a capital sentence based upon the evi-
    dence should not be permitted to stand.
ID. — HABEAS   CORPUS — PRELIMINARY   EXAMINATION — PREMEDITATED
    KILLING. — Upon an application to the supreme court for a writ of
    *habeas corpus* for the purpose of giving bail by a defendant held to an-
    swer by the police court, without bail, upon a charge of murder, where
    the evidence taken upon the preliminary examination shows facts suffi-
    cient to support a verdict of murder in the first degree, if the jury should
    from such facts find the existence of deliberation or premeditation on
    the part of the defendant at the time of the killing, the application for
    bail will be denied.
ID. — NEW PROOF ON APPLICATION FOR BAIL — MODE OF APPLICATION. —
    Although ordinarily, in such a proceeding, only the depositions and
    other evidence returned by the committing magistrate should be consid-
    ered, yet there may be cases in which new facts have been developed or
    new evidence discovered after the conclusion of the preliminary exami-
    nation, in which it would be proper to hear additional testimony on the
    application for bail; but in such cases the petition should set out the dis-
    covery of the new facts or evidence, among the grounds of the applica-
    tion, and the application should be addressed to the superior court or
    judge of the proper county, and not to the supreme court.

APPLICATION to the Supreme Court for a writ of *habeas
corpus* for the purpose of giving bail. The facts are
stated in the opinion of the chief justice.

*Knight & Heggerty*, and *W. W. Foote*, for Petitioner.

*William S. Barnes*, for Respondent.

BEATTY, C. J. — On the twelfth day of October, 1891,
the petitioner was, by the police court of the city and
county of San Francisco, held to answer, without bail,
upon a charge of murder alleged to have been com-
mitted in said city and county on the eleventh day of
September, 1891.

His petition for the writ of *habeas corpus* is based

upon sections 1490 and 1491 of the Penal Code, which provide that when a person is imprisoned or detained in custody on any criminal charge for want of bail, such person is entitled to a writ of *habeas corpus* for the purpose of giving bail, etc.; and the sole question for decision is, whether, upon the evidence relating to the offense charged, the prisoner ought to be released on bail. A prisoner charged with any offense not punishable with death is entitled, before conviction, to be admitted to bail as a matter of right, but a defendant charged with an offense punishable with death cannot be admitted to bail, when the proof of his guilt is evident or the presumption thereof great. (Pen. Code, secs. 1270, 1271; Const., art. I., sec. 6.) Murder of the first degree, only, is punishable with death, and the question therefore reduces itself to this: Is there, upon the evidence in the case, evident proof or a strong presumption that the petitioner is guilty of murder in the first degree? In determining this question, it is necessary to ascertain the proper construction of the expressions "proof is evident," "presumption is great." An examination of the decided cases discloses a wide variance of opinion upon this point, some courts and judges holding that the prisoner is entitled to bail, unless the evidence against him is such as ought to satisfy a trial jury of his guilt beyond any reasonable doubt; others, that bail should be denied when the evidence is sufficient to warrant a grand jury in bringing in an indictment, or, what practically amounts to the same thing, when the evidence is sufficient in law to sustain a capital conviction. Such is the rule that has been adopted in this court. (*Ex parte Troia*, 64 Cal. 152.) In that case the evidence was extremely conflicting, and tended very strongly to discredit the only witness who claimed to have been present at the homicide. (The prisoner was, in fact, afterwards acquitted.) But this court, in denying the application for bail, said: "We cannot say, upon the evidence before us, that the superior court ought to set aside the verdict, as not justified by the evidence, should

the jury find the petitioner guilty of the higher degree of the crime charged. We ought not to anticipate the action of the jury by discharging the prisoner from actual custody, with or without bail, upon evidence which we are not prepared to say is so insufficient as that a verdict requiring a capital sentence, based upon it, should not be permitted to stand." I do not doubt the soundness of this rule, but even if I did, it is, as a decision of the court, binding upon its individual members. I proceed, therefore, to inquire whether there is any substantial evidence in this case to sustain a verdict of murder in the first degree. And here a question of practice arises as to what evidence may be considered.

The petitioner asks that, in addition to the report of the evidence taken in the police court, he may be allowed to introduce the testimony of a number of witnesses not heretofore examined, by whom he proposes to impeach some of the witnesses for the people,.and to prove facts otherwise tending to his exculpation. To this offer the people object, and I think the objection must be sustained. Section 1484 of the Penal Code, upon which the petitioner relies, is merely a legislative declaration of the rule commonly prevailing in the United States, that the petitioner in *habeas corpus* may put in evidence to contradict the return, and may, of course, in a proper case, examine witnesses. It does not at all help to a solution of the question as to what is proper evidence in a particular case. There are decisions, however, of some of the state and federal courts which do sustain the contention of this petitioner, but they are opposed by decisions of equal weight in other jurisdictions, and on the whole, I think it safe to say that, ordinarily, in such proceedings as this, only the depositions and other evidence returned by the committing magistrate should be considered. There may be cases in which new facts have been developed, or new evidence discovered, after the conclusion of the preliminary examination, in which it would be proper to hear additional testimony on the application for bail. But in such cases, I think, the petition

should set out the discovery of such new facts or evidence among the grounds of the application, and that the application itself should be addressed to the superior court or judge of the proper county. The regular business of this court demands the entire time of all its members, and they cannot, in justice to its suitors, take upon themselves the hearing of oral examinations of witnesses in proceedings properly appertaining to the local courts.

Confining myself, then, to the report of the evidence taken in the police court, I find that the petitioner offered no testimony whatever, but submitted the case on the evidence adduced by the people, which, I am convinced, satisfactorily establishes these facts: A few minutes after twelve o'clock, on the night of September 10–11, 1891, Alexander Grant, a regular police-officer of San Francisco, on his proper beat, and wearing his star, but not his uniform, arrested the petitioner at some point on Sixth Street north of Folsom Street. Why the arrest was made is left a mystery, the officer being dead, and the prisoner having thus far made no statement regarding it. From the point where the arrest was made, the officer conducted the petitioner along Sixth Street to Folsom, down Folsom and across it to a point on its south side between Fourth and Fifth Streets, near the Southern Police-station. At this point a struggle ensued between the officer and the prisoner, in which the latter seems to have been resisting the efforts of the former to conduct him to the station. In the course of this struggle, the prisoner drew a pistol and shot the officer in the head, killing him instantly, and immediately attempted to escape by running away, but was pursued and captured by officers from the station, who were attracted to the scene by the noise of the pistol-shots. Nothing whatever appears in the testimony tending to show justification or provocation for the killing, and the presumption is, that it was malicious, and therefore murder. But is there anything upon which a jury would be justified in finding deliberation or premeditation, such as is necessary to constitute murder in the first degree?

Upon this point, all that it is necessary and all that it is proper for me to say is, that if a jury, upon the facts thus far disclosed, should find the existence of deliberate malice, their verdict could not be set aside upon the ground that there was no evidence to support it. (*Ex parte Troia*, 64 Cal. 152.)

The application for bail is denied, and prisoner remanded.