[Crim. No. 709. First Appellate District.—January 9, 1918.]

In the Matter of the Application of RENA MOONEY for a Writ of Habeas Corpus.

CRIMINAL LAW—MURDER—ADMISSION TO BAIL.—Bail should be denied in capital cases when the evidence is sufficient to warrant a grand jury in bringing in an indictment, or, what practically amounts to the same thing, when the evidence is sufficient in law to sustain a capital conviction.

ID.—ACQUITTAL UPON ONE OF SEVERAL INDICTMENTS—NONCONTROLLING FACTOR.—An acquittal upon one of several indictments, while persuasive, is not a controlling factor in the determination of an application for bail.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the First Appellate District to obtain the admission of petitioner to bail.

The facts are stated in the opinion of the court.

Maxwell McNutt, and Nathan C. Coghlan, for Petitioner.

C. M. Fickert, District Attorney, F. L. Berry, Deputy District Attorney, and John D. Harloe, for Respondent.

THE COURT.—The defendant is restrained of her liberty under a bench warrant issued out of the superior court of the state of California in and for the city and county of San Francisco, upon eight separate indictments presented by the grand jury in cases entitled *"People of the State of California* v. *Rena Mooney,"* numbered 7530 to 7537, inclusive, wherein the defendant was charged with the murder of eight different persons. Upon one of these indictments only the defendant has been tried and acquitted by a jury. The record of that case is before us, as are also the proceedings before the grand jury in each of these several indictments which have not yet been put to trial.

The rule by which this court must be governed in determining this matter was early laid down in the case of *Ex parte Troia,* 64 Cal. 152, [28 Pac. 231], and was later followed and reaffirmed in the case of *Ex parte Curtis,* 92 Cal. 188, [28 Pac. 223], in which latter case Chief Justice Beatty declared the rule to be that bail should be denied in capital cases "when the evidence is sufficient to warrant a grand jury in bringing in an indictment, or, what practically amounts to the same thing, when the evidence is sufficient in law to sustain a capital conviction." Quoting from the case of *Ex parte Troia, supra,* the learned chief justice further stated: "This court, in denying the application for bail, said: 'We cannot say upon the evidence before us that the superior court ought to set aside the verdict as not justified by the evidence should the jury find the petitioner guilty of the higher degree of the crime charged. We ought not to anticipate the action of the jury by discharging the prisoner from actual custody with or without bail upon evidence which we are not prepared to say is so insufficient as that a verdict requiring a capital sentence based upon it should not be permitted to stand.' I do not doubt," says the chief justice, "the soundness of this rule."

It is needless to say that the rule thus early stated and since uniformly adhered to in this state is binding upon this court.

After a careful examination of the record before us we are satisfied that it is to be given full application to the facts of the matter now under consideration.

It is, however, urged by the petitioner that the fact that in one of these several causes she has been tried and has been found not guilty by a jury is a controlling circumstance, requiring a variance in the instant case from the rule above stated. After an examination of the authorities bearing upon this question we are satisfied that the fact of the petitioner's acquittal upon one of these several indictments pending against her, while ordinarily persuasive, nevertheless it is not a controlling factor in the determination of an application for bail. It is to be presumed that the courts and prosecuting officers will perform their duty promptly in presenting others of these several causes for trial. Upon the present state of these causes we are of the opinion that the rule set forth in the case of *Ex parte Curtis, supra,* should be given application.

It follows that the petition will be denied and the petitioner remanded, and it is so ordered.