[Crim. No. 2142. In Bank.—March 21, 1918.]

## In the Matter of the Application of ISRAEL WEINBERG for a Writ of Habeas Corpus.

CRIMINAL LAW—MURDER—BAIL—CONSTITUTIONAL LAW.—The defendant against whom several indictments were returned for murder, all founded upon a single transaction, had been tried on one of the indictments and acquitted, and the district attorney, while declaring himself not ready to proceed immediately with the trial of the pending indictments, made no claim that he had any other testimony upon which he expected to rely upon another trial beyond that which was used on the trial of the indictment upon which the defendant was acquitted. *Held*, upon a consideration of the evidence presented against him, coupled with the circumstances detailed in the opinion, that he was entitled on *habeas corpus* to be admitted to bail under the provisions of section 6 of article I of the constitution.

APPLICATION for Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Maxwell McNutt, and E. V. McKenzie, for Petitioner.

C. M. Fickert, District Attorney of San Francisco, and Louis Ferrari, Deputy District Attorney, for Respondent.

THE COURT.—The petitioner, against whom eight indictments were returned August 2, 1916, for the crime of murder, and who is in custody under such of the indictments as have not been dismissed, and one upon which he was tried and acquitted, instituted this proceeding for the purpose of obtaining his admission to bail. He is alleged to have been one of the participants in the bomb outrage in connection with the preparedness parade on July 22, 1916, described in our opinion in the case of *People* v. *Mooney, ante,* p. 642, [171 Pac. 690], and by the indictments he was charged with the murder of various persons killed thereby. He has been in custody ever since August 2, 1916. The indictments against him were assigned to three different Departments of the superior court of the city and county of San Francisco. As to the indictments pending in two of the Departments he was, after his trial and acquittal on one of the indictments hereinafter noted, ordered admitted to bail by one of the judges thereof. In one of these Departments the indictments there pending against him have since been dismissed by the court. In the other of these Departments the district attorney declares himself not ready to proceed immediately with the trial of the charge against him. In the third Department admission to bail is denied, and it is claimed by petitioner that he is refused a speedy trial therein. Petitioner has been regularly tried upon one of the indictments and the trial resulted, on November 27, 1917, in a verdict of not guilty. A transcript of the testimony given on this trial was submitted to us upon this application. No claim was made that the district attorney has any other testimony upon which he expects to rely upon another trial.

Under the constitution all persons accused of crime are entitled to bail, "unless for capital offenses when the proof is evident or the presumption great." (Const., art. I, sec. 6.) The provision has been interpreted in this court to mean that bail should be refused in a capital case when the evidence is such that a verdict of guilty based upon it would be sustained by a court. (*Ex parte Troia,* 64 Cal. 152, [28 Pac. 231]; *Ex parte Curtis,* 92 Cal. 188, [28 Pac. 223].) In the cases just cited the application for bail was made before the accused had been put on trial before a jury. Where, however, there has been a trial, upon which the jury has disagreed, this is a circumstance which, while not conclusive, is

entitled to weight in determining whether the prisoner should be admitted to bail. (3 Am. & Eng. Ency. of Law, 2d ed., 670; *Ex parte McLaughlin*, 41 Cal. 220, [10 Am. Rep. 272]; *Alexander's Petition*, 59 Mo. 598, [21 Am. Rep. 393].) More persuasive, though still not controlling, is the acquittal of the prisoner on a trial of one of several indictments where, as is conceded to be the case here, all are founded upon a single transaction. (*State* v. *Summons*, 19 Ohio, 139; see, also, *Green* v. *Commonwealth*, 11 Leigh (Va.), 677.)

Upon a consideration of the evidence which has been presented against the petitioner, coupled with the fact that a verdict of acquittal has been rendered by a trial jury upon that evidence, and in view of the other circumstances set forth above, we think the application for bail should be granted.

It is ordered that petitioner be admitted to bail upon the indictments still pending against him, in the sum of $7,500 on each indictment, the bond to be approved in each case by the judge of the superior court in whose Department the same is pending.