[Crim. No. 1406. First Appellate District, Division One.—April 28, 1927.]

In the Matter of the Application of FRANK E. PAGE for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—BAIL—CONSTITUTIONAL LAW.—Under section 6 of article I of the constitution, all persons accused of crime are entitled to bail, unless for capital offenses when the proof is evident or the presumption great.

[2] ID. — APPLICATION FOR BAIL — EVIDENCE — HABEAS CORPUS. — In *habeas corpus* proceedings, the court ought not to anticipate the action of the jury by discharging a prisoner, charged with a capital offense, with or without bail, upon evidence which it cannot say is so insufficient that a verdict requiring a capital sentence should not be permitted to stand.

[3] ID.—ADMISSION TO BAIL—SUFFICIENCY OF EVIDENCE.—To sustain an order refusing to admit to bail a prisoner charged with a capital offense, it is not necessary that the evidence should be so convincing as to justify a verdict against the accused, but it is sufficient if it points to him and induces the belief that he may have committed the offense charged.

[4] ID.—DEGREE OF PROOF NECESSARY—EVIDENCE.—The character and extent of the proof necessary to justify the court in refusing to admit a prisoner charged with a capital offense to bail, under section 6 of article I of the constitution, depends upon the circumstances of the particular case.

[5] ID.—MURDER—DENIAL OF BAIL—EVIDENCE.—In this proceeding in *habeas corpus* to secure release from custody on a charge of murder, where it was shown by the evidence taken at the preliminary examination that bad feeling existed between accused and decedent, that the body of decedent was found near a certain street in a condition which showed that she had been strangled, that screams were heard and an automobile observed on said street at about the place and time accused admitted he was there in a machine, and that decedent had been inquiring of the whereabouts of the accused shortly prior to her disappearance, the court cannot

1. See 3 Cal. Jur. 1025; 3 R. C. L. 7.

2. See 3 Cal. Jur. 1030.

3. Right to bail in capital case, notes, 81 Am. Dec. 87; 39 L. R. A. (N. S.) 752. See, also, 3 Cal. Jur. 1028; 3 R. C. L. 10.

say that defendant is imprisoned without sufficient or probable cause or that he is entitled to bail as of right.

---

(1) 6 C. J., p. 955, n. 32.   (4) 6 C. J., p. 956, n. 40.   (5) 6 C. J., p. 957, n. 45.

PROCEEDING in Habeas Corpus to secure release from custody on a charge of murder. Writ discharged; petitioner remanded.

The facts are stated in the opinion of the court.

A. K. Wylie, Daly B. Robnett and J. R. Cunnyngham for Petitioner.

Oscar Gibbons, District Attorney, for Respondent.

TYLER, P. J.—Petition for a writ of *habeas corpus.* It is alleged therein that petitioner Frank E. Page is unlawfully imprisoned and restrained of his liberty by the sheriff of the county of Modoc, California; that he is so restrained pursuant to an order and bench warrant issued out of the superior court of said county charging him with the murder of one Pearl Connell. That prior to the filing of the information and as the basis thereof a complaint was filed before William Thompson, justice of the peace of Alturas township, county of Modoc, sitting as a committing magistrate, in which said complaint petitioner was charged with the crime of murder of the said Pearl Connell, and ·thereafter and on the eighteenth day of March, 1927, a preliminary hearing and examination was held by such` committing magistrate, and at the close thereof said magistrate made an order holding petitioner to answer on the charge of murder. That at the time of the making of said order the attorney for petitioner moved the magistrate for an order fixing bail, which motion was denied and petitioner was committed to the sheriff of said Modoc County. That thereafter the district attorney of said county filed in the superior court of Modoc County the information referred to and petitioner was duly arraigned before the superior court and entered a plea of not guilty to the charge contained therein, and at that time counsel for petitioner moved the court for an order fixing bail and allowing petitioner to be discharged

82 Cal. App.—37

upon giving such bail, which motion was denied. That the said imprisonment and detention is illegal, such illegality consisting in this: That the proof is not evident, nor the presumption great against petitioner, for which reason he is entitled to bail. [1] It is petitioner's contention that courts have no right to refuse a defendant bail even in capital cases unless the proof is evident or the presumption of guilt is great. There can be no question as to the correctness of this rule. Under the constitution all persons accused of crime are entitled to bail "unless for capital offenses when the proof is evident or the presumption great" (Const., art. I, sec. 6). [2] In *habeas corpus* proceedings, however, the court ought not to anticipate the action of the jury by discharging a prisoner, charged with a capital offense with or without bail, upon evidence which it cannot say is so insufficient that a verdict requiring a capital sentence, should not be permitted to stand. (*Ex parte Curtis*, 92 Cal. 188 [28 Pac. 223].) [3] Accordingly, it has been held that to sustain an order refusing to admit a prisoner charged with a capital offense to bail, it is not necessary that the evidence should be so convincing as to justify a verdict against the accused, but it is sufficient if it points to him and induces the belief that he may have committed the offense charged. (3 Cal. Jur., p. 1030; *Ex parte Walpole*, 85 Cal. 362 [24 Pac. 657].) Just what probative force evidence must have to bring the case within the rule mentioned in the constitution and to exclude bail has been the subject of much judicial discussion. (6 Cor. Jur., p. 956.) [4] The character and extent of the proof to make the necessary sufficiency depends of necessity upon the circumstances of the particular case. Here the evidence taken upon the preliminary examination shows, in substance, that petitioner and Pearl Connell had been engaged as partners in conducting the Surprise Hotel in the town of Cedarville, county of Modoc, for a period of some three years. Their relations had become inharmonious, due to a difference of opinion concerning the manner in which the hotel should be conducted, and on one occasion petitioner had forcibly ejected her from the kitchen. In consequence of their differences petitioner was anxious to acquire her interest in the property. He had made statements to the effect that he had some $7,000 invested in the business, but that as she had no

funds, he would pay her the sum of $1,500 only for her interest instead of $3,000, the amount she was demanding. On the evening of July 6, 1926, petitioner left the hotel some time between the hours of 7 and 8 o'clock, and he and one Mae Rhoades went for an automobile ride several miles out of the town of Cedarville. Some time after his departure Pearl Connell made inquiries as to his whereabouts and she was informed that he was visiting Mae Rhoades. Upon receiving this information she left the hotel and was never seen thereafter alive. Two days later, on July 8, 1926, her body was found in a cellar of unoccupied premises situated south of Ann Street in the town of Cedarville. The condition of the street opposite the cellar indicated that a struggle had taken place and that there were marks of blood on certain objects near by. The autopsy revealed that the cartilage of her windpipe was crushed in and broken, and that death had been caused by strangulation. The evidence further shows that some time about 9 or 9:30 o'clock in the evening of July 6, 1926, Mary Seminario, who resided about two blocks from where the body was found, heard screams and saw an automobile driving easterly on Ann Street and witnessed the driver thereof turn the machine around and shut off the headlights of the car. Petitioner was interviewed by the sheriff of the county and he admitted that he had driven down Ann Street about 10 o'clock in the evening of July 6th, on his way from what is known as the Mabrier house, where Mae Rhoades resided. Other evidence showed that petitioner had arrived at the hotel about 10 o'clock. The place where Pearl Connell met her death was between the hotel and the Mabrier house. It further appears that subsequent to July 8, 1926, a criminal charge was sworn to and filed before the magistrate hereinabove referred to, charging petitioner with having murdered Pearl Connell and that thereafter the then district attorney dismissed the charge without a hearing. It also appears that the grand jury investigated the matter, but failed to indict petitioner and he was discharged from custody August 14, 1926. The pending charge was thereafter instituted with the result as stated. [5] Under all these circumstances, we cannot say that petitioner is imprisoned without sufficient or probable cause and that the evidence is of such a character that he is entitled to bail as of right. The evidence as a whole is sufficient to

induce the belief that petitioner may have committed the offense charged, and as above indicated it is therefore sufficient to justify the refusal of bail.

The writ is therefore discharged and the prisoner remanded.

Cashin, J., concurred.