CLEMENTE FALERO, Petitioner and Appellant, *v.* FÉLIX CALZADA, WARDEN OF HUMACAO JAIL, Respondent and Appellee.

No. 3586.    Argued June 12, 1928.—Decided July 19, 1928.

*González Fagundo & González Jr.* for the appellant.    *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Clemente Falero appealed from an order refusing to admit him to bail. Upon a showing made by the District Attorney the District Court of Humacao refused to grant a writ of *habeas corpus.* The evidence submitted to the court was substantially as follows: Paula Acevedo said that she had entered the shop of Clemente Falero for some chewing tobacco and in the shop were Luis Sánchez and Clemente Falero; that on entering she heard Sánchez say: "I came to arrange the matter we have pending"; that Falero replied: "Here arrangements count for nothing, the only thing that counts is I, myself"; that when Falero said this the witness asked Falero for five cents worth of chewing tobacco and he replied: "I would sell you no tobacco, not even the mother that bore me"; that then he turned to Sánchez who at that moment said: "Don't get angry, but let us arrange

this matter in good order," and Falero said to Sánchez, "I am going to shoot you"; that then the witness turned around and started to go out, but heard a shot and on looking back saw Falero with a revolver in his hand and Sánchez on the ground; that then the witness began to run and afterwards heard other shots.

José Daniel Mercado gave testimony tending to show that he was in the neighborhood of the event; that upon hearing an explosion like the sound of a revolver and looking toward the shop of Falero he saw Sánchez on the ground; that approaching to give aid to Sánchez he saw Falero inside the shop with a revolver in his hand; that Falero said to the witness not to come close or he would kill him; that he looked for a telephone and not finding one came out on the road again and heard and saw Falero fire two shots in the direction of Sánchez.

One may readily infer that the appellant and the deceased had quarreled and that the appellant was thoroughly provoked by the entrance of the deceased into his shop. The words uttered by the deceased on entering the shop were *prima facie* harmless. They might or might not contain a challenge. Even if provocation had existed and the words of the deceased sequestered a challenge, the whole evidence tends to show that the shooting, although more or less instantly done, was deliberate and premeditated. The subsequent shots have some bearing. The use of a dangerous weapon without any provocation, as here, is *prima facie* murder. *Caballero* v. *People,* 36 P.R.R. 60; *Rodríguez* v. *Lugo,* 36 P.R.R. 504; *Ex parte Curtis,* 72 Cal. 188; *Ex parte Troia,* 64 Cal. 152.

Under these authorities it can not be said that the evidence is not strong and the order appealed from will be affirmed.