[No. AO20481. First Dist., Div. One. June 2, 1983.]

In re DAVID LEWIS NORDIN on Habeas Corpus.

COUNSEL

Michael di Leonardo for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ann K. Jensen and Clifford K. Thompson, Jr., Deputy Attorneys General, for Respondent.

OPINION

**NEWSOM, J.**—Petitioner, David Lewis Nordin, charged with two counts of soliciting murder, was denied bail under the provisions of article I, section 12, of the California Constitution. As amended by Proposition 4, June 8, 1982, that section now reads as follows: "A person shall be released on bail by sufficient

sureties, except for: [¶] (a) Capital crimes when the facts are evident or the presumption great; [¶] (b) Felony offenses involving acts of violence on another person when the facts are evident or the presumption great and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others; or [¶] (c) Felony offenses when the facts are evident or the presumption great and the court finds based on clear and convincing evidence that the person has threatened another with great bodily harm and that there is a substantial likelihood that the person would carry out the threat if released. [¶] Excessive bail may not be required. In fixing the amount of bail, the court shall take into consideration the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at the trial or hearing of the case. [¶] A person may be released on his or her own recognizance in the court's discretion."

While the case itself is now moot,[1] it poses an issue of broad public interest, likely to recur, yet equally likely to evade review, and for that reason we think it appropriate that the matter be resolved. (Cf. *In re William M.* (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].)

Petitioner contends that solicitation to commit murder is not a felony offense "involving acts of violence on another person" within the meaning of article I, section 12, subdivision (b); that none of the criteria of section 12, subdivision (c) are satisfied in his case; and that, as applied to him, the provision violates the Eighth Amendment to the Constitution of the United States and California constitutional guarantees against excessive bail, his Fourteenth Amendment due process right, his Sixth Amendment right to counsel and his federal and state constitutional rights to jury trial.

At the time of his arrest, petitioner was admitted to bail in the amount of $15,000. Shortly thereafter, without hearing, bail was raised, first to $100,000, then to $200,000. At arraignment, however, bail was revoked, and at a separately scheduled bail hearing again denied.

After retaining private counsel, petitioner once more, and repeatedly, moved without success for bail. When petitioner was held to answer, the magistrate

---

[1]Petitioner first sought relief from this court by a petition for writ of habeas corpus filed October 2, 1982. We summarily denied the petition on November 9, 1982. Thereafter, petitioner sought relief from the California Supreme Court which issued an order to show cause returnable before us. We have augmented the record on our own motion to include certified copies of the dispositions in People v. Nordin, Santa Clara County Superior Court Nos. 84754 and 84994. Apparently petitioner pleaded no-contest in No. 84994; on March 8, 1983, he was given a probationary sentence. On that same date, the solicitation of murder case (No. 84754) was dismissed.

again denied bail. Thereafter, petitioner sought habeas corpus relief in the superior court challenging his incarceration and requesting that bail be set.[2]

An order to show cause issued and an evidentiary hearing ensued. At this hearing, apparently without objection, the transcript of petitioner's preliminary hearing was presented and considered, although not formally moved or received into evidence.

Finding "clear and convincing evidence" that petitioner had threatened and intended to murder a sheriff's deputy whom he believed had humiliated and degraded petitioner's wife during a body search incident to arrest, and that there was a substantial likelihood the threat would be carried out if petitioner were released, the superior court denied the petition by written order.

In the main, the evidence upon which this conclusion was based consisted of the following; testimony from one Michael Bianco that petitioner, who owned weapons, and had told Bianco he would either kill the deputy or pay Bianco to do so, recounting the reasons for his revenge; testimony from a sheriff's deputy as to the basis for petitioner's vengeful attitude, describing the arrest of petitioner's wife for possession of cocaine and stolen weapons, and the consequent search of her body at county jail; the testimony of an undercover officer, who had been introduced to petitioner by Bianco, and been given $60 by petitioner as a down payment on the death "contract," as well as (rather equivocal) testimony from petitioner's father that his son had a drinking problem.

Petitioner first contends that there is not clear and convincing evidence to support the conclusion that the charges against him involved "acts of violence on another person" and "a substantial likelihood [that his] release would result in great bodily harm to others." (Art. I, § 12, subd. (b).) As the Attorney General notes, because the facts of this case fit comfortably within section 12, subdivision (c) of the bail article, it is unnecessary to address whether they might also fit within section 12, subdivision (b). (*People* v. *Williams* (1976) 16 Cal.3d 663, 667 [128 Cal.Rptr. 888, 547 P.2d 1000].)

---

[2]Petitioner also argues errors in the proceedings held in the municipal court. We agree with the Attorney General that any questions arising from those orders were mooted by the review afforded petitioner in the habeas corpus proceeding in the superior court. We note that Penal Code section 1271 provides: "When a person is detained in custody on a criminal charge prior to conviction for want of bail, such person is entitled to an automatic review of the order fixing the amount of bail by the judge or magistrate having jurisdiction of the offense. Such review shall be held not later than five days from the time of the original order fixing the amount of bail on the original accusatory pleading. The defendant may waive such review." Prior to such a review, bail (or a no-bail determination) would have been determined according to the county's bail schedule, the arrest warrant, any declaration filed under penalty of perjury filed with the magistrate by a peace officer, and any application by the defendant, his attorney, friend or family member. (See generally Pen. Code §§ 1268-1271.) A defendant may seek review by way of petition for writ of habeas corpus. (Pen. Code, § 1490.)

Prescinding for the moment from consideration of petitioner's constitutional challenges, we observe that the superior court had before it an ample record to support the denial of bail under section 12, subdivision (c). Prior to the June 8, 1982, amendment, the state Constitution provided for denial of bail only in capital crimes, "when the facts are evident or the presumption great." Those standards have been deemed met when there is "any substantial evidence . . . to sustain a [capital] verdict" (*Ex parte Curtis* (1891) 92 Cal. 188, 190 [28 P. 223]), and the quantum of evidence is that necessary to sustain a conviction on appeal. (*In re Weinberg* (1918) 177 Cal. 781, 782 [171 P. 937]; *In re Mooney* (1918) 35 Cal.App. 797 [171 P. 109].) " 'Clear and convincing' evidence requires a finding of high probability." (*In re Angelia P.* (1981) 28 Cal.3d 908, 919 [171 Cal.Rptr. 637, 623 P.2d 198].) The evidence must be " 'so clear as to leave no substantial doubt'; 'sufficiently strong to command the unhesitating assent of every reasonable mind.' " (*Sheehan* v. *Sullivan* (1899) 126 Cal. 189, 193 [58 P. 543]; *In re Angelia P., supra,* 28 Cal.3d 908, 919.) The term "substantial likelihood" cannot, we think, be reduced to a rigid formula susceptible to mechanical application. Rather, the magistrate or judge must review the specific circumstances on a case-by-case basis, and the decision to grant or deny bail is, as noted, subject to review upon petition by the defendant. We have independently reviewed the instant record and find, as did the superior court, clear and convincing evidence justifying bail denial. (*In re Hochberg* (1970) 2 Cal.3d 870, 874, fn. 2 [87 Cal.Rptr. 681, 471 P.2d 1].)

Next petitioner argues that the denial of bail violates the guarantees against excessive bail afforded him by the Eighth Amendment to the United States Constitution and our state's Constitution. ■ Although the June 8, 1982, amendments to article I, section 12 did not delete the state constitutional guarantee against excessive bail, "[u]nder familiar rules of construction, if it is impossible to harmonize or reconcile portions of a constitution, special provisions control more general provisions, and the general and special provisions operate together, neither working the repeal of the other." (*People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 637 [268 P.2d 723].)

We view petitioner's Eighth Amendment challenge, however, as the heart of his petition.

■ While the United States Supreme Court has never expressly ruled on the question,[3] federal law is clear to the effect that the prohibition against "excessive bail" contained in the Eighth Amendment is to be understood as a restraint upon judicial discretion respecting the amount of bail and not as an attempt to regulate the legislative power respecting eligibility for bail. (*United*

[3]We note the dictum in *Carlson* v. *Landon* (1952) 342 U.S. 524, 545-546 [96 L.Ed. 547, 563, 72 S.Ct. 525] that "[i]ndeed, the very language of the [Eighth] Amendment fails to say all arrests must be bailable."

*States* v. *Edwards* (D.C.App. 1981) 430 A.2d 1321, 1325-1331, cert. den. 455 U.S. 1022 [72 L.Ed.2d 141, 102 S.Ct. 1721], for apparent accord under California law cf. dicta *In re Underwood* (1973) 9 Cal.3d 345, 349-350 [107 Cal.Rptr. 401, 508 P.2d 721].)

Following its scholarly and illuminating historical review of the principle of bail, the court in *Edwards, supra,* concluded in part that "a fundamental right to bail was not universal among [either] the colonies or among the early states," and that "the language of several state constitutions explicitly limiting the power of the judiciary to set excessive bail negates any suggestion that the excessive bail clause was intended to restrict the definition of bailable offenses by the legislature." (*Id.,* at p. 1327.)

We conclude that nothing in the Eighth Amendment to the United States Constitution affects the state's right to determine the standards of eligibility for admission to bail. (*United States* v. *Edwards, supra,* 430 A.2d 1321, 1325-1331; *In re Underwood, supra,* 9 Cal.3d 345, 349-350.)

■ Petitioner further contends that the subject order violates the Fourteenth Amendment to the United States Constitution, in that, by jailing him without an adjudication of guilt, it deprives him of substantive due process. (Cf. *Bell* v. *Wolfish* (1979) 441 U.S. 520, 534 [60 L.Ed.2d 447, 465, 99 S.Ct. 1861].)

It has been repeatedly held that pretrial detention, while it affects important liberty interests (*Van Atta* v. *Scott* (1980) 27 Cal.3d 424 [166 Cal.Rptr. 149, 613 P.2d 210]), is regulatory rather than penal in nature, and therefore not in a legal sense identical to imprisonment (*Wong Wing* v. *United States* (1896) 163 U.S. 228, 235 [41 L.Ed. 140, 142, 16 S.Ct. 977]; *United States* v. *Edwards, supra,* 430 A.2d 1321, 1332-1333).

It follows, therefore, that pretrial preventive detention comports with substantive due process provided that the punishment implicit in the sanction employed is merely incidental to some other legitimate governmental purpose. (*Bell* v. *Wolfish, supra,* 441 U.S. at p. 534 [60 L.Ed.2d at p. 465]; *United States* v. *Edwards, supra,* 430 A.2d at p. 1331.)

Here, the governmental purpose is the salutary one of protecting a particular individual from physical danger in the event of pretrial release of a criminally accused who made specific threats against him. (Cf. *Carbo* v. *United States* (1962) 7 L.Ed.2d 769, 773 [82 S.Ct. 662, 666].)[4]

---

[4]While petitioner assumes, relying on *Van Atta* v. *Scott, supra,* 27 Cal.3d 424, that the prosecutor had the burden of proof in the superior court, we emphasize that issues of *procedural* due process are *not* raised by the instant proceeding. Nor have such questions been briefed by the parties. It is axiomatic that appellate courts "do not reach constitutional questions unless ab-

■ Next, petitioner contends that denial of bail has deprived him of the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. He argues, relying on *Van Atta* v. *Scott, supra,* 27 Cal.3d 424, 436, that a detainee's ability to adequately prepare a defense is greatly curtailed, in that consultation with an attorney and the ability to gather evidence and interview witnesses are impaired. No facts are offered by him in support of his conclusionary statements.[5] (*In re Hochberg, supra,* 2 Cal.3d 870, 875, fn. 4.)

We recognize that such restrictions are inherent in pretrial incarceration. (Cf. *Van Atta, supra.*) But to accept petitioner's argument would impel the conclusion that no arrestee may be detained before trial. " 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' [Citations.] The fact of confinement as well as the legitimate goals and policies of the penal institution limits these retained constitutional rights." (*Bell* v. *Wolfish, supra,* 441 U.S. 520, 545-546 [60 L.Ed.2d 447, 472-473]; see also *Department of Corrections* v. *Superior Court* (1982) 131 Cal.App.3d 245 [182 Cal.Rptr. 294].)

■ Finally, petitioner argues that the denial of bail has deprived him of his right to trial by jury as guaranteed by article I, section 16 of the California Constitution and the Sixth Amendment of the United States Constitution. The argument appears to be premised, first, on the notion that any pretrial detention is punishment. To that extent, the claim is simply a repetition of petitioner's substantive due process claim. As we have observed, pretrial detention is regulatory in nature rather than penal. (*Bell* v. *Wolfish, supra,* 441 U.S. at

---

solutely required to do so to dispose of the matter" at issue. (*People* v. *Williams, supra,* 16 Cal.3d 663, 667.) We now merely observe that those issues include, in addition to allocation of the burden of proof, the right to counsel (cf. *Van Atta, supra; Gerstein* v. *Pugh* (1975) 420 U.S. 103 [43 L.Ed.2d 54, 95 S.Ct. 854]; *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]; and *United States* v. *Edwards, supra,* 430 A.2d 1321, 1333-1341), and the use of hearsay evidence, proffer and affidavit and the right to confront and cross-examine witnesses (cf. Pen. Code, §§ 1269c, 1203; *United States* v. *Edwards, supra,* 430 A.2d 1321, 1333-1341; *Gerstein* v. *Pugh, supra,* 420 U.S. 103; *Morrissey* v. *Brewer, supra,* 408 U.S. 471; *People* v. *Winson* (1981) 29 Cal.3d 711 [175 Cal.Rptr. 621, 631 P.2d 55]; *People* v. *Vickers* (1972) 8 Cal.3d 451, 460-461 [105 Cal.Rptr. 305, 503 P.2d 1313]; and *People* v. *Ramirez* (1979) 25 Cal.3d 260 [158 Cal.Rptr. 316, 599 P.2d 622]).

Moreover, we also note that while the superior court here gave reasons for denial of petitioner's request for bail, it cannot be said with certainty that such is an absolute constitutional requirement. (Compare: *Van Atta* v. *Scott, supra,* 27 Cal.3d at pp. 444-446; and *In re Pipinos* (1982) 33 Cal.3d 189 [187 Cal.Rptr. 730, 654 P.2d 1257].)

[5]The only purported factual support for the claim is a declaration from Nordin's attorney which incorporates portions of his argument before the municipal court.

Moreover, as the Attorney General correctly observes, any actual impairment of petitioner's right to counsel could have been dealt with by proper application for adequate facilities to confer with counsel and to prepare his defense.

p. 534 [60 L.Ed.2d at p. 465]; *United States* v. *Edwards, supra,* 430 A.2d at p. 1331.) Moreover, the presumption of innocence "has no application to a determination of the rights of a pretrial detainee during confinement before his trial has even begun." (*Bell* v. *Wolfish, supra,* 441 U.S. 520, 533 [60 L.Ed.2d 447, 464].) There is no question that the government may permissibly detain a person suspected of committing a crime prior to a formal adjudication of guilt. (*Id.,* at p. 534; *Gerstein* v. *Pugh, supra,* 420 U.S. 103, 111-114 [43 L.Ed.2d 54, 63-65].)

Petitioner then argues that "the threat of an unwarranted restraint on an individual's liberty is at its greatest where the decision being made is predictive in nature. [Citations.] To deprive an individual of his freedom on the basis of speculation about his future conduct is contrary to the presumption of innocence that 'lies at the foundation' of our judicial system. [Citations.] Such decision making is also peculiarly subject to abuse and threatens to undermine the respect and confidence of the community in the uniform application of the criminal law. [Citations.]" (*Van Atta* v. *Scott, supra,* 27 Cal.3d 424, 440-441.) Nothing in *Van Atta, supra,* suggests that courts may not make predictive decisions when setting bail or granting a detainee release on his own recognizance.

"Prediction of the likelihood of certain conduct necessarily involves a margin of error, but is an established component of our pretrial release system. Trial judges have been engaged in predicting the likelihood of flight for all defendants, capital and noncapital, and have predicted the likelihood of recidivism for capital offenses since the Judiciary Act of 1789." (*United States* v. *Edwards, supra,* 430 A.2d at p. 1342.)

And on the record before us, we discern no unfairness or abuse. Not one, but two individuals swore to petitioner's threats and to his apparent intention to carry them out. The source of petitioner's motive was also corroborated since it was uncontroverted that—justifiably or not—petitioner's wife had indeed recently been subjected to a body search incident to arrest by the deputy sheriff who was the subject of petitioner's alleged murder scheme.

The order to show cause is discharged and the petition for writ of habeas corpus is denied.

Holmdahl, J., concurred.

**RACANELLI, P. J.,** Concurring and Dissenting.—I concur in the result discharging the order to show cause but would dismiss the petition solely on the grounds of mootness.

On October 2, 1982, petitioner originally sought relief from this court in a petition for habeas corpus challenging the constitutionality of an order denying bail under the provisions of Proposition 4 approved by the voters at the June 1982 election (Cal. Const., art. I, § 12). The challenged order was based upon evidence adduced at the preliminary hearing in support of the then pending charge of violation of Penal Code section 653f, subdivision (b) (two counts of soliciting the crime of murder).

On November 9, 1982, we summarily denied the petition.

On December 9, 1982, acting upon petitioner's renewed application for habeas relief,[1] our Supreme Court issued an order to show cause returnable before this court. The matter was heard and submitted for decision on this court's February 1983 regular calendar.

On March 8, 1983, and during submission, the two counts of soliciting murder were ordered dismissed in conjunction with petitioner's entry of a no-contest plea to a related drug charge. Accordingly, the matter before us is now procedurally moot.

While I recognize that in appropriate circumstances an issue of broad public interest should be decided on the merits (see e.g., *In re Newbern* (1961) 55 Cal.2d 500, 505 [11 Cal.Rptr. 547, 360 P.2d 43]), I would not reach the important substantive questions presented on the limited record before us which fails to adequately address equally searching and interrelated questions of procedural due process as the majority candidly acknowledges (*ante,* p. 544, fn. 4). Nor can I agree that the focus of Eighth Amendment guarantees is singularly confined to questions of judicial abuse in setting bail (see e.g., *United States* v. *Edward* (D.C.App. 1981) 430 A.2d 1321, 1350-1362, 1365-1372, dissenting opns. of Ferren, Mack, JJ., respectively)[2] or that the record reflects clear and convincing evidence beyond the requisite reasonable cause to file felony charges so as to justify—without more—a denial of the right to bail with its attendant impairment of fundamental individual guarantees (see *Van Atta* v. *Scott* (1980) 27 Cal.3d 424, 435-440 [166 Cal.Rptr. 149, 613 P.2d 210]). We should undertake a thorough and careful analysis of the full spectrum of related constitutional rights and guarantees directly implicated by the dramatic change in organic law before reaching any decision sanctioning the odious concept of preventive detention historically associated with a repressive totalitarian state.

---

[1]The application raised both state and federal claims of unconstitutional denial of bail, substantive due process, right to assistance of counsel and the right to jury trial.

[2]Parenthetically, it should be noted that the statute under review in *Edwards,* unlike the 1982 amendment herein, limits the period of pretrial detention without bail and provides specific procedural safeguards in conducting the required evidentiary hearing.

Since it is most probable that the important concerns which remain to be considered will undoubtedly arise upon a full record squarely presenting such substantive and procedural constitutional issues (see *In re William M.* (1970) 3 Cal.3d 16, 25 [89 Cal.Rptr. 33, 473 P.2d 737]), I would dismiss the instant petition as moot and discharge the order to show cause.