Gibson & Hewitt, of Birmingham, for petitioner.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., opposed.

42 So.2d 600

**MORRIS v. STATE.**

**6 Div. 929.**

Supreme Court of Alabama.

Oct. 13, 1949.

LAWSON, Justice.

James Morris was convicted of manslaughter in the first degree in the circuit court of Jefferson County. On appeal to the Court of Appeals, the judgment of the trial court was affirmed. The cause is here on a petition by the defendant for writ of certiorari to the Court of Appeals to review and revise the opinion and judgment of that court.

We have given careful consideration to all the questions raised by petitioner and are of the opinion that the petition for writ of certiorari must be denied.

The Court of Appeals correctly upheld the action of the trial court in refusing defendant's requested charge 30. The case of Robinson v. State, 243 Ala. 684, 11 So.2d 732, 737, cited by the Court of Appeals, is authority for the proposition that the charge was correctly refused in that we think it was fairly and substantially covered by the court's oral charge, it being a charge on reasonable doubt.

608

However, we think that in view of an error made in the report of the case, an explanation of the holding in the Robinson case, supra, should be made. As before indicated, the Robinson case does hold in effect that it was not error to refuse a charge in the exact language of charge 30 because it was covered by the court's oral charge. In that connection it was said: "The record contains two refused written charges numbered 8. Each charge is nothing more than a charge on reasonable doubt and was covered by the court's oral charge." An examination of the original record in the Robinson case shows that one of the charges numbered 8 was in the language of charge 30 here under consideration. But the report of the case of Robinson v. State, supra, is misleading in that it appears therefrom that the charge similar to charge 30 was numbered 9 rather than 8, and in the opinion of the court it was said: "Charge 9 was properly refused on account of its misleading tendencies. Farrish v. State, 63 Ala. 164." But, actually, charge 9, which the reporter did not set out in the report of the case, was as follows: "9. The court charges the jury that it is the policy of the law that no innocent person should be convicted and that it is better that many guilty go unpunished than that that one innocent person be convicted." We thought it best to make this explanation in view of the fact that as a result of the error in the report of the case of Robinson v. State, supra, that case is subject to the construction that charges in the language of charge 30 are misleading. However, we have held such charges to be good, but their refusal not error where covered by the court's oral charge,— Daniels v. State, 243 Ala. 675, 11 So.2d 756, and cases cited.

In regard to refused charge 40, we are of the opinion that it was properly refused under the decision of this court in Fancher v. State, 217 Ala. 700, 117 So. 423.

Writ denied.

BROWN, FOSTER, and SIMPSON, JJ., concur.