44 So.2d 441

### HEAD v. STATE.
6 Div. 975.

Court of Appeals of Alabama.
Jan. 10, 1950.

Rehearing Denied Jan. 31, 1950.

Scruggs & Scruggs, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., and Neil Metcalf, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The indictment against this appellant contained three counts, each charging manslaughter in the first degree.

At the conclusion of the State's case the court granted appellant's motion that he be discharged as to counts one and two of the indictment, and denied his motion to be discharged as to count three.

Omitting the formal parts count three charged that the appellant "did unlawfully and intentionally, but without malice, kill Medford Longshore, by running against a car in which Medford Longshore was riding, with a Motor Truck," etc.

Count three of the indictment sufficiently apprised appellant of the offense with which he was charged, and no error resulted from the court's action in overruling appellant's demurrer to the indictment on the ground that same was ambiguous, unintelligible, or failed to aver facts sufficient to show a violation of law by appellant.

The indictment bears the signature of "B. M. Bains, prosecutor." This fact is set forth as one of the grounds of appellant's demurrer to the indictment, and counsel argues the demurrer should have been sustained on this ground. There is no merit in this contention. The signature of the Solicitor to an indictment is permissible and proper, but is not an essential requisite, and may be treated as surplusage. The only required authentication of an indictment is the signature of the foreman of the grand jury finding it, and returning it in open court. See 12 Alabama Digest, Indictment and Information, ☞ 33(1) for innumerable cases enunciating such principle.

The deceased was killed as a result of a collision between an automobile in which he was riding, and a truck driven by the appellant.

The collision was seen by two witnesses for the State, Lestor Tipton and Bob Roberson, who were near the highway at the time.

The tendency of the evidence presented by these two witnesses was to the effect that the car in which the deceased was riding, proceeding at a speed of 20 to 30 miles per hour, and to the right of the center line in relation to the direction it was proceeding, in fact with its right wheels off the paved portion of the road, was struck by appellant's truck, which was proceeding in the opposite direction at a speed of from 75 to 80 miles per hour.

Mr. Tipton testified that he saw appellant when he was brought back to the scene of the collision, and in his judgment he was drinking.

Ben Allen, a member of the State Highway Patrol, as a witness for the State, testified that upon being notified of a collision he went to the scene. Upon his arrival there: "Three men were lying there in the road. One of them told me something. I went down the road. I was there in an automobile. I stopped at his truck. I got a man out. He was drunk and I brought him to jail." This man told Mr. Allen that his name was Fred Head.

Lake Burdick, a witness for the State, testified that he saw appellant when he was brought to jail by Mr. Allen, and that appellant was at this time very drunk.

On cross-examination this witness, in reply to the question: "He didn't know what he was doing, did he?" replied "I don't think he knowed too much about what he was doing."

In his own behalf the appellant testified that on the day of this collision he had had a bottle of beer on his way to Montgomery, and had drunk two bottles on the return trip, at a place on the Cahaba river near the county line beyond Birmingham.

At the time of the collision, in Blount County, he was driving at a speed of around 40 miles per hour. The car in which deceased was riding approached him "plenty fast," and ran into his truck. The collision "knocked me crazy and scared me to death too." The next thing appellant "rea-

lized" he had stopped about a mile away and was throwing sand on a burning rear tire of his truck. His truck burned up.

Other witnesses for appellant testified to the effect that only the left rear side of appellant's truck bore marks of a collision.

A number of objections to certain questions propounded by the Solicitor were interposed by appellant's counsel in the trial below, which were overruled, by the court, and several motions to exclude certain answers were likewise made.

In all but the instances to be commented on below either only a general objection was interposed, with no grounds assigned in support thereof, or only general grounds were assigned, while no grounds, or only general grounds were assigned in support of the motion to exclude.

■ If only a general objection is interposed, or only general grounds are assigned in support of an objection, no error results in overruling such objection unless the evidence sought is illegal for any purpose and cannot be made legal by other evidence, or by otherwise framing the question. Louisville and Nashville R. Co. v. Scott, 232 Ala. 284, 167 So. 572. Unless the objection particularizes the defect in the question neither the interrogator, nor the court, is apprised of a defect that may be latent therein, and no opportunity is afforded to correct such defect by reframing the question, or supplying additional evidence. Walker v. Jones, 33 Ala.App. 348, 34 So.2d 608. The evidence sought under the questions above mentioned was not obnoxious to all rules of evidence, and not illegal under any and all circumstances.

■ Likewise, a motion to exclude an answer from evidence is overruled without error where no grounds, or only general grounds are assigned. Rutledge v. Rowland, 161 Ala. 114, 49 So. 461; Slaughter v. Green, 205 Ala. 250, 87 So. 358.

■ During the direct examination of Junior Longshore, brother of the deceased, a witness for the State, he was asked "What kind of injury did he (deceased) receive?" Appellant's objection, on the grounds that this witness was not an expert, was over-

ruled, and exception reserved. The witness' answer "Car wreck" was innocuous, and in no way could have materially affected the substantial rights of the accused. Furthermore, the fact that the deceased was injured in the collision was undisputed.

During the direct examination of Lester Tipton, a witness for the State, the record discloses the following:

"Q. The one that just left the stand. Did you see the gentlemen sitting over there by Mr. Scruggs there? A. I saw him as he was going on down the road. He was going so fast I couldn't hardly see him, but I did see him.

"Mr. Scruggs: Wait a minute, Mr. Rains. We move to exclude that statement. It is not responsive.

"The Court: Overrule.

"Mr. Scruggs: We except and move to exclude all of it except 'Yes, sir,' the words 'Yes, sir,' because that is not responsive.

"The Court: Overrule.

"Mr. Scruggs: Except."

Clearly that part of witness' answer "I saw him as he was going down the road. * * * I did see him" is responsive to the question.

■■ A motion to strike out the whole answer of a witness, where part of the answer is good is properly denied. See 18 Alabama Digest, Trial, ☜ 96 for innumerable cases enunciating above principle.

Several exceptions were reserved to the oral charge of the court. Only two of these exceptions are argued in counsel's brief. In our opinion, the remaining exceptions are without merit, and probably were so considered by counsel.

In this oral charge the court read a portion of Sections 2 and 5 of Title 36, Code of Alabama 1940, with the following introductory statement: "Now, gentlemen, in this case we have certain rules of the road. The fact that I read them to you does not indicate and are not to be taken by you that the Court feels that they have or have not been violated. That is for the jury to decide, *but there is testimony both ways* and I am reading them to you so that if you do feel it has been violated, you will

know what the law is, but the fact I read them does not indicate the Court feels either way about the matter." (Italics ours).

Counsel argues that Section 2 has been amended, and the court did not read the section as amended. That portion of Section 2 which was read by the court has in nowise been changed by the amendment. Certainly no ground for complaint by appellant can be rationally based on this argument.

█ Counsel also argues that the statement by the court "but there is testimony both ways" is a charge upon the effect of the evidence in the absence of a request in writing by appellant to so charge. We find nothing obnoxious in the above statement. It was but a bald statement of a self-evident truth, in no way invasive of the province of the jury.

Counsel for appellant argues that reversal of this case should be entered because of the following exception to the court's oral charge: "I want to except to that portion of your Honor's oral charge in which you are defining the elements of manslaughter in the first degree. And also to that portion where your Honor used the words 'reckless disregard of life.' "

█ Without intimating in anywise that the definitions of manslaughter in the first degree given by the court were erroneous, it is our opinion that the exception reserved is insufficient and too indefinite to warrant a review. A reservation to a portion of the court's oral charge must be specific and designating, rather than descriptive and referable. Gorder v. State, 32 Ala.App. 584, 28 So.2d 651; Conway v. Robinson, 216 Ala. 495, 113 So. 531.

Counsel further argues that the lower court erred in refusing his motion to discharge appellant, as to count three of the indictment, made at the close of the State's case, and in refusing the affirmative charge with hypothesis as to manslaughter in the first degree, for the reason that the evidence shows that appellant was too drunk at the time of the collision to entertain an intent.

█ In this regard the evidence presented by the State was to the effect that when observed by one witness after the collision the appellant was drinking. Another witness testified that he was very drunk, and this witness did not think appellant "knowed too much about what he was doing." All of the above testimony, taken together, would in our opinion make a question of fact for the jury as to whether appellant was capable of entertaining an intent at the time of the collision. In addition, as pertains to the refusal of the affirmative charge, the appellant himself claimed only to have drunk three bottles of beer at a point many miles from the scene of the collision.

█ Certainly the State's evidence in regard to the speed of appellant's truck, and the manner of the collision presents a jury question as to whether appellant's conduct exhibited a reckless and wanton disregard of human life.

█ A wanton killing is a "voluntary killing" within the definition of manslaughter in the first degree, and a positive intent to kill is not necessary. Rainey v. State, 245 Ala. 458, 17 So.2d 687; Reynolds v. State, 24 Ala.App. 249, 134 So. 815.

In Williams v. State, 30 Ala.App. 437, 7 So.2d 511, the appellant had been convicted of murder in the second degree, the appellant having killed the deceased by colliding with another automobile in which deceased was riding. The evidence in the Williams case, supra, presents a picture somewhat similar to the present case. In holding that appellant's contention that he was entitled to the affirmative charge to be without merit this court asserted: "It is too clear for comment that one, as appellant, drunk (as the jury had a right to find him to be), driving his car at the rate of 50 miles per hour up hill and around a curve, at night, colliding with another car and causing the death of a person, is in no situation to ask that the jury be instructed to acquit him of guilt."

No error therefore resulted from the court's action in denying appellant's motion to be discharged as to manslaughter in the first degree, or in refusing appellant's written requested charges which were affirmative in nature.

During the coss-examination of appellant he was asked by the Solicitor how many times he had had his driving license taken away. The court sustained the objection interposed to this question.

He was then asked if he had not been convicted of driving while intoxicated. The court sustained the objection to this question. Defense counsel then moved for a mistrial. The court denied this motion, and instructed the jury as follows: "Gentlemen, there is no testimony to that effect before you. For all you know he would have said no. That is what you are to presume."

■ Both questions were of course improper. However, in view of the abundant tendencies of the evidence showing appellant's guilt, and the effort of the judge to eradicate the prejudicial effect of the questions, we are unwilling to say that the appellant's rights were probably injuriously affected by the court's action in denying the motion for a mistrial. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ Charges 1 and 2 requested by the appellant in writing were properly refused, being incorrect statements of the law involved.

■ Charges 3, 10, 11, 12, 13, and 14, so requested, were properly refused. These charges deal with proximate or subsequent negligence on the part of the deceased and are inapplicable in a criminal prosecution. Broxton v. State, 27 Ala.App. 298, 171 So. 390.

■ Charge 4 was properly refused under the authority of Morris v. State, 252 Ala. 607, 42 So.2d 600. In addition under the evidence presented the charge was abstract. While one of the witnesses, Junior Longshore, was a brother of the deceased, there is nothing in his testimony, which is highly corroborated by two other apparently disinterested eye-witnesses, that affords any rational inference that he, or any other, witness, exhibited at the trial or elsewhere prejudice or anger against the defendant. Davis v. State, 188 Ala. 59, 66 So. 67; Wright v. State, 156 Ala. 108, 47 So. 201.

■ Charges 5 and 6 were in our opinion refused without error, as these charges were substantially covered in the oral charge of the court or other written charges given at defendant's request.

■ Charge 7 was properly refused under the authority of Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885, and Reed v. State, 32 Ala.App. 338, 27 So.2d 22, certiorari denied 248 Ala. 196, 27 So.2d 25.

■ Charge 8 was properly refused. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

■ The refusal of charge 9 was justified in this case, where the evidence relied on is positive and not circumstantial. Davis v. State, 8 Ala.App. 147, 62 So. 1027; Brown v. State, 33 Ala.App. 97, 31 So.2d 670, reversed on other grounds, 249 Ala. 5, 31 So.2d 681.

■ Charge 15 is elliptical, in that the word "doubt," necessary to give the charge meaning is omitted. Regardless the charge was intended to be an affirmative one in appellant's behalf, as to manslaughter in the first degree, and even if in proper form would have been properly refused under the developed evidence.

■ Charge 16, being affirmative in nature as to manslaughter in the second degree was properly refused under the evidence of this case.

It is our conclusion that this record is free of error probably injurious to the substantial rights of this appellant, and that this cause is due to be affirmed. It is so ordered.

Affirmed.