59 So.2d 61

## KILPATRICK v. STATE.

### 8 Div. 647.

Supreme Court of Alabama.
May 15, 1952.

George Rogers, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

FOSTER, Justice.

This is an appeal from a judgment of the circuit court denying a petition for the allowance of bail.

On May 17, 1951, four officers went to the home of Aubrey Kilpatrick near Boaz in Marshall County with a warrant for his arrest on a charge of assault with intent to murder with a gun. The officers went in an automobile and with them was Billy Kilpatrick, the twelve year old son of Aubrey Kilpatrick, and another boy, both of whom were picked up on their return from hunting that night. Why they were picked up does not appear. When they finally reached the home of Aubrey Kilpatrick, they alighted from the automobile. Kilpatrick on hearing them went out in the front of his house where the car had stopped in his yard. The officers got out so as to place the car between them and the house. The officers were Boyles, Bennett, Floyd and Lang. Shooting began at once. There was a conflict in the evidence as to who started the shooting, whether Kilpatrick or Bennett. The son of Kilpatrick, Billy, was alleged to have been held by the officers behind the car. It seems that the first shot from an officer's gun hit Kilpatrick and he fell and died. But as he did so, he drew his gun, as defendant's evidence tended to show, and fired possibly five shots which hit the car. While this was going on, the defendant, James Kilpatrick, a sixteen year old son of Aubrey Kilpatrick, came from the barn into the house and heard his mother scream as the shots were fired. James then took a carbine (so-called in the evidence) and went out and began firing at the

officers. Three of the officers, Boyles, Bennett and Floyd were killed. Lang was hit but not killed. The evidence tends to show that the bullet which killed Aubrey came from Bennett's pistol, and that the bullets from the carbine probably killed Floyd. Boyles and Floyd were killed instantly. Bennett died later. It does not appear what bullets killed Boyles and Bennett and hit Lang.

James Kilpatrick was indicted for first degree murder in separate indictments for killing each of the officers. He was tried first for killing Boyles, and was convicted of murder in the second degree and his punishment fixed at seventeen years in the penitentiary. He appealed to the Court of Appeals, and bail was fixed at $10,000 pending appeal. But no bail was fixed in the other two cases, and was denied. His appeal is still pending in the Court of Appeals.

He was then tried in case No. 2039 for the murder of Floyd. After taking much testimony a mistrial was ordered on account of certain remarks by one of the prosecuting attorneys. He thereupon filed the instant petition for a writ of habeas corpus to allow him bail in the Floyd case (No. 2039). That petition was heard on a transcript of the testimony taken in the Floyd case where a mistrial was ordered, and some testimony taken in the Boyles case now pending on appeal. The trial court denied bail, and this appeal followed.

■■ Sometimes as a part of a single transaction more than one offense is charged to have been committed. If a person does a single act which results in the injury or death of more than one person, only one offense can be fastened upon him. But if in that occurrence he shoots different persons by different discharges of his firearm, an offense can be fastened separately as to each person so injured or killed, although there was but one transaction, and upon a trial for one such offense the whole transaction is admissible. Smith v. State, 88 Ala. 73, 76, 7 So. 52; Cheek v. State, 38 Ala. 227; Gunter v. State, 111 Ala. 23, 20 So. 632; Grissett v. State, 241 Ala. 343, 2 So.2d 399.

■■ So that the conviction of petitioner for the murder in the second degree of Boyles does not acquit him of the murder in the first degree of Bennett and Floyd, although it had that effect as to Boyles.

The principle that has application to James Kilpatrick, if he was shooting in defense of his father, is that he is in no better legal status than his father. If his father brought on the difficulty or was not free from fault in bringing it on, James had no legal right to shoot and kill those who were at the time committing a deadly assault on his father and incidentally on his family in the home, although James acted in a continuous sequence of events, all resulting from the act of the father in bringing it on. Griffin v. State, 229 Ala. 482, 158 So. 316; Forman v. State, 190 Ala. 22, 67 So. 583; Morris v. State, Ala.Sup., 39 So. 608, 609, not in Ala.Rep.; Sherrill v. State, 138 Ala. 3 (8 and 9), 35 So. 129.

According to one phase of the evidence, defendant's father, Aubrey Kilpatrick, was at fault in bringing on the difficulty, and that the subsequent events resulted in sequence from it. But on the other hand, there is one aspect of it which completely exonerated Aubrey Kilpatrick in respect to bringing it on. James Kilpatrick, the defendant, had no part in it. His first information was that his father had been shot down by officers who were holding his small brother in the zone of danger. According to that theory, James did only the natural act in shooting, as he thought, to defend his family as well as his father who had been shot down, whether or not he was then dead James did not know. Was his act therefore deliberate and premeditated?

The jury in trying James for the murder of Boyles was weighing the same transaction, every detail of which applies to the indictments charging the killing of Floyd and Bennett, respectively.

■ While the conviction of James for second degree murder does not as a matter of law entitle him to bail in the other two cases, it "is very persuasive on the determination of whether or not he should be admitted to bail" in them.—8 C.J.S., Bail, § 36 (b 6), page 67; Ex parte Weinberg, 177

Cal. 781, 171 P. 937; Ex parte Mooney, 35 Cal.App. 797, 171 P. 109. We think that theory should be here applied. In view of the fact that for killing Boyles the circuit court fixed the bail bond at $10,000, we think that it should be fixed at $5,000 in the Floyd case (No. 2039). It is so ordered.

Reversed and rendered.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.