115 So.2d 273

Madison **STRICKLAND**

v.

**STATE.**

**5 Div. 560.**

Court of Appeals of Alabama.

Aug. 18, 1959.

Rehearing Denied Sept. 8, 1959.

414

Walker & Walker, Opelika and R. C. Wallace, LaFayette, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Strickland was convicted in the Chambers Circuit Court of second degree murder for shooting Mrs. Bessie Catherine Crenshaw with a pistol. The jury fixed his punishment at twenty years' imprisonment. He appeals from both the judgment of

conviction and the order denying a new trial.

The principal questions raised are: (1) Was Strickland in double jeopardy because of a prior conviction of murdering Mrs. Crenshaw's fourteen year old son, Charles Gordon, (2) were his requested charges 28, 29, 32 and 33 rightly refused, and (3) was the State entitled to offer testimony of civil settlement by Mrs. Crenshaw's administrator?

The tendency of the State's evidence, on the trial of the merits, was:

Strickland had for some two years until a few weeks before been courting Mrs. Crenshaw's daughter, Mrs. Myrtis Doler. On August 30, 1958, he came to the Crenshaw's house and went off with Thomas Crenshaw to get a cup of coffee.

The two men were sitting in a parked car when Mrs. Crenshaw, a number of her sons and Myrtis, with her two small children, passed them. Strickland and Thomas Crenshaw gave chase and overtook the Crenshaw family car.

The two cars stopped and Strickland went back to the other vehicle and said, "I want to talk to Myrtis." She replied, "I ain't gonna do it." One witness said Strickland rejoined, "Hell yes, you are."

What occurred next is not clear. Thomas Crenshaw's testimony was that Strickland went around the car and some one shouted, "He's on Mamma, Thomas." Thomas "sort of bounced over the back of the car," and lunged for Strickland as he was pulling a pistol.

Fourteen year old Charles Gordon Crenshaw and his mother were shot to death and Mrs. Doler was wounded by three bullets.

Three steel jacketed bullets and five cartridge hulls were found at the scene. Another bullet was taken from Mrs. Crenshaw's body.

Strickland's evidence was to the effect that he was the victim of an unprovoked assault, that he. had pulled 'the pistol to scare off the Crenshaw boys when some one hit him several blows across the hand with a wrench and that this may have caused him to squeeze the trigger. Possibly his struggle to fend off two Crenshaws, one coming at him with a knife and another with a club, may have caused the gun to fire.

█ On the double jeopardy pleas, Strickland claimed that a single bullet killed both Charles Gordon Crenshaw and his mother. On cross-examination, on the trial of these pleas, Strickland said he was in no "position to see where the bullets were going."

We see, on the record before us, nothing but a question of fact for the jury on this issue. We consider the dictum in Kilpatrick v. State, 257 Ala. 316, 59 So.2d 61 (see also Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199), as making correct the trial judge's statement to the jury that the question was whether "the same bullet killed two people." As to the special issue trial, no exception was taken to the oral charge nor were any written charges requested.

█ Ground 3 of the motion for new trial claimed the special verdict in favor of the State was contrary to the evidence. The trial court did not err in overruling the motion on this point. Strickland had the burden of proving the same bullet killed mother and child.

█ The oral charge did away with the need to charge as requested in charges 28 and 29. Code 1940, T. 7, § 273, 4th sentence.

█ Charge 32 as to conflict of a witness's testimony, with "the physical facts and circumstances surrounding the case," is misleading, since it does not expressly confine itself to the facts and circumstances shown by the evidence. Jurors are no longer witnesses. Also, the court's oral charge adequately covered the duty to reconcile, if

**416**

possible, the testimony of all witnesses. All the evidence (including exhibits) came from the witness stand.

■ Charge 33 was properly refused. Morris v. State, 252 Ala. 607, 42 So.2d 600; Head v. State, 35 Ala.App. 71, 44 So.2d 441.

Over timely defense objection, Thomas and Bobby Crenshaw testified that Strickland's brother and sister arranged a $2500 settlement of the civil claims of the five Crenshaws for the deaths of their mother and brother.

The State, no doubt to head off expected cross-examination, brought out that Thomas and Bobby Crenshaw, witnesses for the State, had given false sworn written statements before Strickland was tried.

The matter was first raised when the solicitor asked Thomas, "State whether or not you received any money from Owen Strickland [defendant's brother] in Roanoke?" The trial judge overruled a defense objection based on immateriality.

This line of questioning brought out that Owen Strickland paid Thomas and his brother, Byron, $50 each for signing a statement "to help Madison," the defendant. The testimony ran:

"A. I asked him what was the $50 for and he said that was some more on that damage claim for Mamma · and Gordon."

The testimony of Bobby Crenshaw on a similar transaction had a like tendency. The defendant appropriately protected his record throughout the questioning.

■ Evidence of civil settlements adduced by the State is not admissible over objection in criminal trials. Helms v. State, 35 Ala.App. 187, 45 So.2d 170, approved in Morrison v. State, 267 Ala. 1, 100 So.2d 744. A compromise which does not expressly admit guilt is not admissible. Wilson v. State, 246 Ala. 129, 19 So.2d 780.

The testimony here related acts of the brother and sister without tying them to Strickland.

Although these errors were fully argued by Strickland, the Attorney General's brief avoids the substantial question, except to say that injury is not to be presumed from error. The last sentence of Code 1940, T. 15, § 389, adjures us, upon discovery of error, to be "satisfied that no injury resulted therefrom to the defendant." This has been equated with Supreme Court Rule 45 (harmless error), Code 1940, Tit. 7 Appendix.

■ Though the silence of the Attorney General's brief might be construed as confession of error, such a circumstance cannot under our statute be a decisive factor in reversing. For, by the terms of § 389, supra, in criminal appeals, we must search the record and render such judgment as *the law* demands. As was said by Judge Hutcheson at 37 Tex.Law Rev. 387, after discussing Young v. United States, 315 U.S. 257, 62 S.Ct. 510, 86 L.Ed. 832:

"* * * the Court must be eternally on guard lest it be the confession of error, rather than a fair consideration * * * of the record, that produces the final judgment. * * *"

■ With this warning in mind, we have considered the admission of this evidence in the light of the doctrine of error without injury. We find ourselves like Goodwyn, J. (in Williamson v. State, 258 Ala. 24, 61 So.2d 1), unable to probe into the mind of the jury.

We can say that the offending evidence probably hurt the defendant insofar as the deliberations of the jury considered his punishment. Since the evidence was intertwined as to purpose, that as to guilt and that as to punishment being of one substance, the judgment of conviction must be reversed.

Reversed and remanded.

On Rehearing.

The foregoing part of this opinion was prepared with reference to the Supreme Court's opinion in Strickland v. State, Ala. Sup.1959, 114 So.2d 407,[1] and we discerned a distinguishing principle in the facts established by the record in this case.

Mainly, the Supreme Court's decision holds that the admission of evidence concerning civil settlements and purported subornation was proper because certain testimony came as a surprise to the solicitor. There was a diametric variance between the testimony given by the two Crenshaws the first day of the trial and what they had stated to the grand jury.

Here, however, the first trial had passed into history, and surely any attempt at a change in testimony could not fall under surprise. Therefore, the ordinary rule of criminal evidence excluding testimony concerning civil settlements should prevail.

Application overruled.