120 So.2d 414

**Lewis Lloyd ANDERSON**

v.

**STATE of Alabama.**

**2 Div. 411.**

Supreme Court of Alabama.

March 17, 1960.

Rehearing Denied May 19, 1960.

Fred D. Gray, Montgomery, and Peter A. Hall and Orzell Billingsley, Jr., Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., opposed.

GOODWYN, Justice.

The appellant in the Court of Appeals has petitioned us for a writ for certiorari to review the opinion and decision of that court in the case of Anderson v. State of Alabama, 120 So.2d 397.

Petitioner avers in his petition "that he has filed his application for rehearing in said Court of Appeals, within the time required by law, and that said application for rehearing in the Court of Appeals was overruled on the first day of December, 1959." The State has filed a motion to strike the petition on the ground that it fails to comply with Rule 39 of the Revised Rules of the Supreme Court, Code 1940, Tit. 7 Appendix, "in that there does not appear on the face of the application for certiorari that application has been made to the Court of Appeals for a rehearing *of the point or decision complained of,* but merely shows that an ap-

**576**

plication for a rehearing was made in the Court of Appeals."

Rule 39 provides that an application for the writ of certiorari to the Court of Appeals will not be entertained or considered, "unless it appears upon the face of the application therefor that application has been made to said court of appeals for a rehearing *of the point or decision complained of, * * *."* (Emphasis supplied.)

The provisions of Revised Rule 39 (formerly Rule 44) have been in effect for many years. From the wording of the rule it is not clear what was intended by requiring that the application for certiorari show on its face that a rehearing has been sought in the Court of Appeals "of the point or decision complained of." There is some basis for construing it as requiring a reconsideration by the Court of Appeals of the specific points presented for review on certiorari as a prerequisite to a review of such points by the Supreme Court. However, it has not been so construed by this court. We have consistently considered petitions for certiorari when it is shown that there has been an application for a rehearing of the case in the Court of Appeals and a denial of rehearing by that court. While, in reviewing an opinion and decision of the Court of Appeals, we have limited our review to the points included in the petition for certiorari and insisted on in brief, we have not required, as a requisite to jurisdiction, a showing that the specific points included in the petition for certiorari must first have been presented on rehearing in the Court of Appeals.

The motion to strike is denied. All the Justices concur.

On consideration of the petition for certiorari, our conclusion is that the writ is due to be denied.

Writ denied.

SIMPSON, STAKELY and MERRILL, JJ., concur.