228 So.2d 841

**Roy W. OWENS**

v.

**STATE.**

8 Div. 12.

Court of Criminal Appeals of Alabama.

Nov. 25, 1969.

**228**

William E. Garner, Scottsboro, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

CATES, Judge.

Owens aggrieved that he was found guilty of an assault upon one Jim Gray, a deputy sheriff, has brought this appeal from the judgment of the court below. Without the intervention of a jury, the trial court found Owens guilty, fined him twenty-five dollars ($25.00) and costs and sentenced him to the county jail for fifteen (15) days.

According to the tendencies of the State's evidence, which an appellate court accepts as a finding of fact, Owens, on the 21st day of December 1968, was arrested at the 72 Cafe on U. S. Highway 72, west of Bridgeport, Alabama.

Mr. Gray arrested Owens for "violating the prohibition law and public drunkenness."

Gray transported Owens, along with others, to the county jail. The transcript of evidence then shows the following:

"Q  Just tell what happened on this occasion?

"A  We got to the county jail with them and let them out of the car and directed them to the door of the jail, and when we got onto the porch—Roy was about the second or third man in line going toward the door of the jail, and when he got on the porch, he stepped aside from the rest and turned around and said he wanted to know his charges again, and I told him what the charges were, and I informed him that I told him at the time he was arrested and also several times on the way to jail, and Roy put his hand back on his hip and said, 'I ain't done nothing, I ain't under arrest', and I caught him on the shoulder under the arm, and scuffling started, and I pushed Roy in the door of the jail and the jailer was standing by the door and letting the fellows come by, and telling them 'you have to wait until we get to you'.

"Q.  Who is the jailer?

"A  Mr. Daniels.  Roy swore at Mr. Daniels and Mr. Daniels said, 'come on in boys', and Roy said, 'boys hell, there ain't no damn boys here', and swung at Mr. Daniels hitting him, and I caught Roy, scuffling with him, trying to contain him, when two of the other fellows jumped into the scuffle.  James Owens was sitting on the couch at this time, and jumped up and conked his head, trying to get to me I assume.

"MR. FOSTER: We object to what he assumed.

"A   And as I turned to James, turned my head to ward James off, Roy struck me with his fist on the side of the face.

"Q   Where?

"A   On the left side of the face and jaw.

"Q   Did it cause injury?

"A   It busted my mouth inside and outside my teeth, and that's where the other charges stem from."

Deputy Gray testified that at the 72 Cafe he found three men sitting in a Ford Mustang automobile (we are not told whether they were all in the front seat or otherwise located in the automobile), with beer "laying in the floor board of the car." He had previously seen beer cans coming out of the car on his approach and two full cans were in the car "in the open."

■   In many of its material aspects, Owen's account of what transpired is different from the foregoing. In brief, it is argued that the arrest was not lawful, therefore, any measures necessary to repel the alleged unlawful arrest were, ipso facto, lawful. The dispute in the evidence was for the trier of facts.

■   We judicially notice, and the trial court was entitled also to notice, that Jackson was at the time of this offense, under our local option statute, denominated as a dry county. The locus in quo, being de jure dry, the possession of beer (which legally denotes an alcoholic beverage) was a misdemeanor. Code 1940, T. 29, § 98. On the record before us, the State made out a prima facie case of a lawful arrest. This being so, Owens' resistance at the jail cannot be condoned as a matter of law.

As Exhibit "A" to his brief, Owens has attached a certificate of the clerk of the court below to the effect that the separate charges filed against Owens in Case 1531 B for public drunkenness, Case 1532 B for violating prohibition law and Case 1533 B for "provocation" were nolle-prossed on motion of the State, concurred in by the trial judge on June 25, 1969.

■   The record in this case was filed June 12, 1969, and there is nothing submitted to us that would indicate that the State agreed to any confession of error herein. We are not committed to any principle which would allow a criminal appeal to be considered other than under the statutory requisites of Code 1940, T. 15, § 389. The entry of a nolle-pross is without any controlling influence in our judgment. Young v. United States, 315 U.S. 257, 62 S.Ct. 510, 86 L.Ed. 832; Strickland, 40 Ala. App. 413, 115 So.2d 273; Hutcheson, The Judicial Power, 37 Tex.L.Rev. 373, at 385–387.

We have reviewed the whole record and consider that, under the provisions of Code 1940, T. 13, § 66, we have been presented with a question which seeks to review only a determination of fact decided by the lower court. Under § 389, supra, the judgment below is due to be

Affirmed.