252 So.2d 657

Bobby James PALMER, alias

v.

STATE.

5 Div. 47.

Court of Criminal Appeals of Alabama.

Sept. 14, 1971.

Walker, Hill, Gullage & Adams, Opelika, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

CATES, Judge.

First degree burglary: sentence, ten years in the penitentiary.

### I ·

The indictment alleged that Palmer in the nighttime broke and entered his ex-mother-in-law's occupied dwelling house with intent to assault his ex-wife with intent to murder her. Code 1940, T. 14, § 85.

He was undisputedly unarmed. He addressed the elder woman, "Miss Annie Mae, if you don't open this door I'm coming in there and coming at you." The ex-mother-in-law then shot through the door, the defendant broke in and all the occupants fled to the rear yard.

There the ex-mother-in-law wounded Palmer with a second shot.

There is no evidence from which a murderous (i. e., felonious) intent toward Mrs. Palmer is inferable other than evidence of a prior threat. In view of the need for a new trial because of another point we shall not extend this discussion of the deficiencies of the State's proof. See 13 Am.Jur. 2d, Burglary, §§ 24 and 52.

### II

During the course of the cross examination of a defense character witness the record shows the following:

"Q  Have you had an occasion to arrest Bobby Palmer?

"MR. WALLACE, SR.: We object.

"THE COURT: What's that?

"MR. WALLACE, JR.: To arrest him.

"MR. WALLACE, SR.: We object.

"MR. WALLACE, JR.: This officer testified as to peace and quiet.

"MR. WALLACE, SR.: He could have arrested him on a speeding ticket or running a red light, and we object to that question in that form.

"THE COURT: I'll overrule your objection. Testing his knowledge, for the benefit of the jury.

"Q  Have you?

"A  Yes, sir, I have been on an arrest with him on a charge of reckless driving."

■■ To uphold this ruling below the State has cited a proposition of law which is quite correct, as a generality. However, it omits an important qualification as to the cross examination of a character witness. Namely, that since character is established by repute rather than by specific good or evil deeds, it follows that cross examination thereabouts is properly confined to what the witness has *heard*

concerning the defendant rather than what particular knowledge the witness might personally have come by.

Beyond citing the general rule without giving its here pertinent exception, the State in brief has advanced nothing in the portion of the brief devoted to "Argument." While we cannot treat this silence as a confession of error per se, nevertheless such a significant gap has reinforced our scrutiny as mandated by Code 1940, T. 15, § 389. Strickland v. State, 40 Ala. App. 413, 115 So.2d 273, approved in Gautney v. State, 284 Ala. 82, 222 So.2d 175, as to this point.

The court's ruling was reversible error under Vinson v. State, 247 Ala. 22, 22 So.2d 344, wherein we find:

"* * * A character witness may be impeached, or his credibility tested on cross-examination, by being asked if he had not heard of specific acts of bad conduct of defendant, *but he may not be interrogated as to the fact of such particular acts. * * *"* (Italics added).

See also Bodine v. State, 18 Ala.App. 514, 93 So. 264; and McElroy, Evidence (2d ed.) § 27.01(7).

Hence, the judgment below is due to be reversed and the cause remanded for trial de novo.

Reversed and remanded.

