269 So.2d 179

**Russell H. GREEN**

v.

**STATE.**

**I Div. 271.**

Court of Criminal Appeals of Alabama.

Nov. 14, 1972.

Wilson Hayes, Bay Minette, for appellant.

No brief from State.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant was charged with murder in the second degree but convicted of manslaughter in the first degree and sentenced to nine years imprisonment.

The State's evidence, briefly stated, shows that on the night of July 19, 1971, the body of Jimmy Anderson was found lying on a road in Baldwin County a short distance from Bay Minette, having been run over by a truck driven by Leonard Pogue when he failed to see the body lying in the highway

in time to ascertain that it was a human being and to stop his truck.

Witness Claude Watson testified that on that night while walking to his home along the same highway that he had seen some person, unknown to him, walking ahead of him and wearing white pants; that when witness left the highway to go into his home the other person continued to walk down the highway and that later witness heard an ambulance come by and went to the scene of an accident where he saw the person who had been walking in front of him lying on the ground.

Witness Johnny Johnson testified that he and another companion had been with the appellant during most of the day previous and that they had been drinking and that the car in which they were riding stopped for him "to use the bathroom" along the side of the highway where deceased was found and that the witness had become sick from drinking and while he was at the side of the road, a person wearing white pants came up the road and was accosted by the appellant and asked to push the car off; that the person refused and that the witness heard a loud lick and that he and the appellant and the other companion got in the car and drove away. The witness further testified that the appellant stated as they were leaving that his hand was swelling from hitting the person on the highway.

Witness Captain Raymond Brooks, a State Investigator, testified that the appellant made a voluntary statement after having been properly advised of his *Miranda* rights in which he admits striking the deceased and knocking him down at which time George Brooks, one of the two riding with him, got on top of deceased and started beating him; and that immediately thereafter the three left the scene and that he did not see the deceased after he fell on the pavement and did not look back as he left.

The appellant did not testify himself nor offer any witness in his defense.

At the close of the State's evidence, the appellant made a motion to exclude the testimony which motion was overruled by the court.

Before entering into the trial, the appellant made a motion for a continuance which was overruled by the court. In brief, he argues that this action of the court was erroneous in that he could not obtain a fair and impartial trial by the jury because of a conference in the courtroom by the appellant's attorney, the district attorney, and court in which reference was made to another case arising out of the same transaction as the case at bar, all alleged by appellant to have been in the presence of the jury.

■ A motion for a continuance is addressed to the sound discretion of the court and the exercise of that discretion will not be overturned in the absence of abuse. This principle is well known and numerous cases to this effect are cited in Alabama Digest, Criminal Law, Volume 6A, ☞ 586.

■ In this case the record discloses no facts which indicate any such abuse by the court. The motion for a continuance, complained of by the appellant, and the resulting conference at the bench between the court and the attorneys appears to have been out of the hearing of the jurors. The court seems to have been careful to insulate the jury from any remarks concerning the argument of the motion for a continuance. We see no error in the court in this respect.

■ In speaking of manslaughter in the first degree, this court in the case of Anderson v. State, 40 Ala.App. 509, 120 So.2d 397, cert. den. 270 Ala. 575, 120 So. 2d 414, stated:

"Intent to kill is but an alternative ingredient: the same state of mind can be imputed from conduct wanton and reckless toward human life. The likelihood of another's being imperiled by the wanton conduct, no less than actual knowledge, makes for culpability, thus

supplying mens rea in voluntary manslaughter. Rainey v. State, 245 Ala. 458, 17 So.2d 687; Gills v. State, 35 Ala.App. 119, 45 So.2d 44. 'Wantonness may be predicated upon conduct occurring before a discovery of the peril. * * *,' Lawson, J., in Buchanan v. Vaughn, 260 Ala. 482, 71 So.2d 56, 57."

This court stated in Layfield v. State, 27 Ala.App. 437, 173 So. 654,

"At the close of the State's evidence, the defendant moved the court to exclude all of the testimony on the grounds that there was not sufficient evidence to make out a case. When this motion is made and there is any evidence tending to connect the defendant with the commission of the crime, either direct or by inferences, the motion is properly overruled. In this instance there was sufficient evidence, both of the corpus delicti and the guilt of the defendant. The motion was properly overruled."

Under the principles set out in the authorities above cited, we think the motion to exclude the State's evidence was properly overruled by the court and the testimony submitted to the jury to determine the guilt or innocence of appellant.

The court refused five written charges requested by appellant.

Charges 3, 4, and 5 were directed to the offense of murder and therefore, abstract under the verdict in this case.

Charge 1 was the affirmative charge and was properly refused by the court.

Charge number 2 is abstract under the facts in this case and properly refused. The principle sought to be set out was further covered under the oral charge.

We have examined the record including the objections to the photographs offered by the State and also the admission into evidence of the waiver and confession of the appellant. In our opinion no error appears in the action of the court in these matters.

Finding no reversible error, the case is due to be affirmed.

The foregoing opinion was prepared by Hon. W. J. HARALSON, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.