Robert Charles McCowan, the appellant, was convicted of the "attempted murder" of his former wife, Margaret McCowan, and sentenced to fifteen years' imprisonment. *Page 848 
Late one night, after a two-hour conversation with her about "getting back together," the appellant grabbed his revolver, fired two or three shots at Ms. McCowan's head at point-blank range, and, as she pulled away from him, fired several more shots until he ran out of bullets. Ms. McCowan survived this attack, but did receive very serious head injuries.
During the weeks leading up to the shooting, the appellant made numerous attempts to talk Ms. McCowan into "getting back together." Two days before the shooting, he threatened to kill her and himself if they did not "get back together" because he "could not live without her." On the night of the shooting he had seen her "out" with another man when he thought she was supposed to be working. This was apparently what prompted him to set up the late night meeting which ended with the alleged "attempted murder."
Appellant's defenses at trial were temporary insanity (a so-called "isolated explosive disorder") and voluntary renunciation. The jury obviously did not believe that appellant was insane at the time of the shooting, even though he produced an expert witness who testified that tests made on the appellant two weeks after the incident indicated that he was suffering from an "isolated explosive disorder" which might have prevented him from forming the "requisite intent" for murder. Appellant claimed "voluntary renunciation" of the "attempted murder" because after he shot Ms. McCowan, he immediately drove to the local police station and "turned himself in." The trial court, however, refused to charge the jury on "voluntary renunciation" as requested by the appellant.
Appellant does not challenge the sufficiency of the evidence on this appeal.
 I
Appellant, initially, challenges the "one for one" strike procedure in Jefferson County as unconstitutional. This issue has been overwhelmingly resolved against the appellant in previous decisions of this court as noted in Tucker v. State,383 So.2d 579 (Ala.Cr.App.), cert. denied, 383 So.2d 586 (Ala. 1980), and authorities therein cited.
 II A
Appellant also insists that the trial court erred in sustaining the prosecution's objection to the introduction into evidence of appellant's Divorce Decree. The trial court (R. 32) sustained the objection because at the time of appellant's request to introduce it, there had been no showing of relevancy. This action appears to have been proper, and in any event was certainly within the discretion of the trial court. There was no subsequent showing of relevancy, and further, no additional request to introduce this document.
 B
The trial court, likewise, did not abuse its discretion in sustaining the prosecution's objections to questions asked by appellant of witness Franklin Tate, a Birmingham Magistrate who counseled appellant after Ms. McCowan reported his threat on her life (two days before the shooting.) One series of questions sought to elicit "hearsay" testimony from Mr. Tate as to what appellant said to him with reference to appellant's feelings toward Ms. McCowan (R. 113-116). The trial court allowed Mr. Tate to testify as to the nature of the counseling session but would not allow the "hearsay" which was solicited only to prove that appellant was not hostile toward Ms. McCowan the day before the shooting. These statements were not part of the res gestae and were, therefore, inadmissible. Espey v.State, 270 Ala. 669, 120 So.2d 904 (1960); Evans v. State,338 So.2d 1033 (Ala.Cr.App. 1976), cert. denied, 348 So.2d 784
(Ala. 1977).
 C
The other questions to which objections were sustained by the trial court requested Mr. Tate to state "how appellant's voice sounded" during the session (R. 114). These questions were asked in an attempt *Page 849 
to demonstrate appellant's mental state at that time. Since they were of questionable relevancy and called for conclusions from Mr. Tate (a non-expert), objections to them were properly sustained. Evans v. State, supra. Moreover, the appellant and Mr. Tate had already testified as to the substance of their conversation. Therefore, the trial court did not abuse its discretion in sustaining the prosecution's timely objections.
 III
Appellant further asserts that the trial court erred in sustaining two questions to Dr. Holt, the appellant's expert witness, with reference the appellant's ability to form the requisite intent for murder. The basis of appellant's assertion of error is misleading, however, because the trial court didnot sustain the objection to the first question and sustained the objection to the second question with the provision that Dr. Holt could not testify with reference "legal intent" but could testify with reference his definition of "intent." In other words, the trial court would not allow Dr. Holt to make the legal conclusion that the appellant could not have formed the requisite intent for murder. However, after soliciting Dr. Holt's definition of intent, appellant was allowed to obtain a statement from Dr. Holt that, hypothetically, one suffering from an "isolated explosive disorder" would not be able to "knowingly and intentionally appreciate what he was doing." (R. 133). There was no error during this line of questioning. Dialv. State, 387 So.2d 879 (Ala. 1980), rev'g, 387 So.2d 871
(Ala.Cr.App. 1979); and cases cited therein.
 IV
Finally, appellant contends that the trial court erred in refusing 17 of his written requested jury charges. However, because appellant failed to object or except to the refusal of any of these charges in the trial court, he did not preserve these refusals for our review. Section 12-16-13, Code of Alabama, 1975; Allen v. State, ___ So.2d ___ (Ala.Cr.App. 1981).
Moreover, assuming the refusals were properly objected to, none constituted error by the trial court. Charges 18, 23, 31 and 33 concerned "reasonable doubt" which was adequately covered in the trial court's oral charge. Charges 12 and 16 were "burden of proof" charges which were, likewise, unnecessary in light of the trial court's charges on this subject. Charges 27 and 28 were arguably incorrect statements of the law concerning mental disease, which was adequately covered by the trial court. Charges 4, 5, 6, 7, 8, 9, 10 and 26 generally dealt with issues which were not applicable to the appellant's case. Finally, charge 20 dealt with the issue of "voluntary renunciation" with reference an "attempt" crime. In spite of appellant's insistences to the contrary, there was no evidence that appellant "voluntarily renounced" his attempt. The evidence appellant cited as proof of renunciation was the fact that after appellant ran out of bullets, he drove to the police station and "turned himself in." This fact might have indicated an abandonment of appellant's criminal intent after
the incident but such abandonment could not have excused appellant for the alleged attempt offense which he had already committed. See § 13A-4-2 (c), Code of Alabama, 1975. Therefore, this charge was properly refused.
There is no error in this record. The judgment is therefore affirmed.
AFFIRMED.
All the Judges concur. *Page 1197