[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1389 
Appellant was indicted for murder in the first degree. He was alleged to have driven his automobile against another automobile in which the deceased was riding. Appellant pleaded not guilty by reason of insanity. A non-unanimous jury found appellant guilty of manslaughter in the first degree. A motion to set aside the verdict as non-unanimous was granted. A second trial was held. At that trial, the appellant was found guilty of manslaughter and sentenced to four years, with six months to be served in the Macon County jail, and the balance on probation.
A car driven by appellant collided with a car occupied by the deceased, Bonita Smith, on a Tuskegee highway. There was evidence at the trial that appellant's car was traveling at a high rate of speed immediately prior to the collision.
Appellant's defense was insanity. He claimed that a "personal Elegance Seminar" he attended in Florida prior to the accident led to his mental illness. Testimony presented indicated that immediately prior to the accident and after the seminar, appellant was alternatingly friendly and disrespectful and, according to his mother, acted strangely. He listened continuously to a tape made at the seminar, suffered from insomnia, heard voices, and drove his car at an excessive speed on at least one occasion prior to the collision herein discussed.
Subsequent to the collision, appellant claimed that he was God. A blood test for *Page 1390 
intoxication, taken at the time of the accident, was found to be negative.
 I
Appellant claims that the indictment is insufficient, because it does not allege any specific action on appellant's part showing recklessness. We find this argument to be without merit.
The indictment follows the language of the code section and cites the code section itself (§ 13A-6-2, Ala. Code 1975). It follows the case of Head v. State, 35 Ala. App. 71, 44 So.2d 441
(1950), wherein the requirements of an indictment for manslaughter with an automobile are spelled out.
 II
Appellant claims that exhibit one, a school photograph of the ten-year-old victim, was improperly admitted into evidence over his objection. Appellant cites McKee v. State, 33 Ala. App. 171,31 So.2d 656 (1947), for the rule that photographs should be excluded if they are unnecessary or of little probative value and have the effect of inflaming the jury's emotions. McKee is distinguished from the case at bar in that McKee involved the admissibility of gruesome pictures produced during an autopsy, and there is little similarity to the facts in this case. The issue is clearly answered by this court's decision in Jolly v.State, 395 So.2d 1135 (Ala.Cr.App. 1981), which allowed admission of a similar inter vivos photograph over a similar objection that such a photograph would inflame the jury. Admission of photographs into evidence is within the sound discretion of the trial judge. Hurst v. State, 397 So.2d 203
(Ala.Cr.App. 1981), writ denied, Ex parte Hurst, 397 So. 208
(Ala. 1981). We find no abuse of that discretion.
 III
The appellant's claim that a witness must have expert qualifications to testify that an automobile was exceeding the speed limit is contradicted by rulings in Anderson v. State,40 Ala. App. 509, 120 So.2d 397, cert. denied, 270 Ala. 575,120 So.2d 414, reversed on other grounds, 366 U.S. 208,81 S.Ct. 1050, 6 L.Ed.2d 233 (1961); and Goodwin v. Jenkins, 282 Ala. 11, 208 So.2d 210 (1968).
Appellant's motion to exclude the testimony of witness Fred White was due to be granted. Mr. White testified that he saw an automobile that was traveling "between 65 and 70 miles an hour" run a red light.
He could not recognize or describe the car as appellant's car, and he could not identify the driver of the speeding car as appellant. It is a fact that many cars today are operated at speeds above the legal limit. The testimony was prejudicial and should have been excluded.
However, the error was harmless as evidence of the speed and recklessness of appellant's driving was presented by another witness who positively identified appellant. Thus, Mr. White's testimony was rendered "prejudicially innocuous." Estes v.State, 358 So.2d 1050 (Ala.Cr.App., 1978), cert. denied,358 So.2d 1057 (Ala. 1978).
 IV
Appellant argues that the court should not have sustained two objections to questions posed to witness Julius Horn on cross examination by appellant's learned counsel.
The first objection sustained was: "When did you first make your information known to the police or district attorney's office?" The objection was sustained on grounds of relevancy.
The second sustained objection was to the question: "When you were in the military, how did you get time off to go to the race track?"
The latitude and extent of cross examination is a matter which of necessity rests largely within the sound discretion of *Page 1391 
the trial court, and rulings with respect thereto will not be revised on appeal except in extreme cases of abuse. State v.Howington, 268 Ala. 574, 109 So.2d 676 (1959). We find that the trial court did not abuse its discretion.
 V
The trial court has wide discretion to allow the admission of cross examination testimony. We find no error in the admission of testimony as to whether or not a witness attended the funeral of the deceased. An attempt was being made here to show bias. The trial court properly warned the questioner against "straying too far afield," and allowed the question to stand in the proper exercise of its discretion. Bayne v. State,375 So.2d 1239 (Ala. 1979).
 VI
Appellant claims that the trial court committed error by sustaining an objection of the State on the grounds that questioning of appellant's mother had been repetitious. The record reflects numerous questions responded to by the mother that were nearly identical in language and meaning to the subject question. It was within the discretion of the trial court to sustain the objection.
 VII
Appellant claims that information about the collision, drawn from the records of the hospital, should have been admissible. The State correctly cites Liberty National Life Insurance Co.v. Reid, 276 Ala. 25, 158 So.2d 667 (1963), for the rule that hearsay statements in hospital records pertaining to the manner of the injury were not admissible under the Business Records Act.
 VIII
The appellant made objection to a question which asked Dr. Jenkins, an expert psychiatric witness, his opinion as to the wisdom of appellant's family allowing appellant to drive a car in a disturbed state:
 "Q. Assuming that when he came back from Florida from the Personal Elegance Seminar, he had started acting unusual around his family and around all of these people, does it make sense to let him drive then to church?
 "DEFENSE ATTORNEY: Object to what other people thought."
The grounds for the objection here stated are improper. The question asked the opinion of the expert witness, and the court was not in error in overruling the objection.
 IX
Appellant challenges the action of the trial court in allowing rebuttal testimony by Paralee Smith. The testimony was intended to rebut evidence submitted by witness Darlene Baker that the weather on January 6, 1980, was hot.
Admission of this testimony was properly within the discretion of the trial court. Crow v. State, 365 So.2d 1254
(Ala.Cr.App. 1978); Hall v. State, 352 So.2d 40 (Ala.Cr.App. 1977). We find no abuse of discretion.
Subsequently, appellant objected to the following charge to the jury: "If any witness has been impeached, then the Jury may disregard that witness's testimony, unless the witness's testimony is corroborated by other evidence not so impeached."
Witness Darlene Baker stated that it was hot on January 6, 1980. This statement was contradicted by a rebuttal witness who stated it was cold on that date. If a witness is impeached only by contradiction, the jury should be instructed to disregard only such portions of the testimony as are controverted and otherwise uncorroborated by other credible and unimpeached witnesses. Stockard v. State, 391 So.2d 1060 (Ala. 1980). *Page 1392 
However, when a witness has willfully sworn falsely, and is therefore shown to be unworthy of belief, the jury is entitled to disregard the entire testimony and may be so charged.Stockard, supra. Our law of evidence makes a clear distinction between contradiction by a subsequent witness as to a certain fact and impeachment by a subsequent witness that shows willful falsehoods have been sworn to under oath in an attempt to alter a just verdict. The former calls for the fact finders to use a selective process of disregarding inaccuracies contradicted, while the latter calls for a broader condemnation of all testimony not corroborated.
The incident of impeachment, herein discussed, is an example of the "contradiction" type. The jury was charged in language that, standing alone, might have been understood as an instruction to discount all of Darlene Baker's testimony. However, the language of the charge was permissive, rather than mandatory. Crumpton v. State, 402 So.2d 1081 (Ala.Cr.App. 1981). Elsewhere in its instructions to the jury, the court properly explained the jury's function in weighing and reconciling conflicts in testimony. When taken as a whole, the court's oral charge was sufficient and held no reversible error. Carroll v. State, 405 So.2d 163 (Ala.Cr.App. 1981);Woodard v. State, 401 So.2d 300 (Ala.Cr.App. 1981).
Importantly, the objection to the charge was improper in that the appellant stated as the specific grounds for his objection that there had "been no evidence of any impeachment of any witness." Evidence clearly meant to impeach part of Darlene Baker's testimony had been introduced. A specific objection waives all other grounds and the court will not be put in error on grounds not assigned. Andrews v. State, 359 So.2d 1172
(Ala.Cr.App. 1978). There was no request for an explanatory charge. Stockard, supra.
 X
Appellant complains that the court was in error in refusing to give requested charges numbers 11, 42, 72, 160, 66, 80, and 200, and the affirmative charge. The appellant, however, did not preserve these alleged errors for review by proper objection at the end of the oral charge. Jones v. State, 412, So.2d 1270 (Ala.Cr.App. 1982); Jones v. State, 412 So.2d 1247
(Ala.Cr.App. 1982); McCowan v. State, 412 So.2d 847
(Ala.Cr.App. 1982); Allen v. State, 414 So.2d 989 (Ala.Cr.App. 1981), aff'd., 414 So.2d 993 (Ala. 1982).
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.
 *Page 139